# ·NEWPORT COUNTY.

———◆———

PETITION OF GEORGE W. SWINBURNE *et al.* for an Opinion of the Court.

Residuary testamentary disposition as follows:

"All the rest of my estate I give and bequeath to Rebecca G. Knox, widow, of Waterloo, New York, the legal heirs of Benjamin Goddard Mumford, of Providence, and of Thomas C. Mumford, also of Providence, Mary S., wife of James Lawton, of Laconia, New Hampshire, Martha C., wife of George W. Swinburne, Elizabeth R., widow of John Sterne, and Catherine T. Mumford, of Newport, and Sarah S., wife of A. Harwood Bacon, of Detroit, Michigan, share and share alike, to them, their heirs and assigns forever. Should either of my above named children die leaving no legal heirs born of their own body, then I give their shares after their death to my then living heirs, none receiving more than the income of my property during the lifetime of the said Louisa B. Mumford."

Louisa B. Mumford was the testator's widow. She died in 1887. Rebecca G. Knox, Thomas C. Mumford, Mary S. Lawton, Martha C. Swinburne, Elizabeth R. Sterne, Catherine T. Mumford, and Sarah P. Bacon were children of the testator. They all survived him and his widow. Benjamin Goddard Mumford was a son of the testator. He was dead when the will was made, but left two children, who survived the testator and the testator's widow.

*Held,* that the words "of Thomas C. Mumford" should be read "to Thomas C. Mumford."

*Held,* further, that the words "die leaving no legal heirs born of their own body" should not be construed "die *before the testator* leaving no legal heirs born of their own body."

*Held,* further, that the words "die leaving no legal heirs born of their own body" did not import an indefinite failure of issue, but did import a failure to leave issue living at the death of the first takers.

*Held,* further, that the bequest over was an executory bequest, which, if any child died without issue born of his body living at the time of his death, would carry his share to the testator's then living heirs.

*Held,* further, that the only persons at present entitled to have their shares of the residuary personalty delivered to them in full are the children of Benjamin Goddard Mumford, and the issue of such of the testator's other children as may have died; that the executor should hold the rest, paying the income to the legatees to whom the shares are primarily given, and on their death distributing the principal according to the will.

*Held,* further, that the two children of Benjamin Goddard Mumford took together a single share as representing their father.

Meanings of the words "share and share alike."

CASE STATED for an opinion of the court under Pub. Stat. R. I. cap. 192, § 23.

*Providence, April* 28, 1888. DURFEE, C. J. The case stated is this: Benjamin Mumford, late of Newport, died in July, A. D. 1880, leaving a will which was duly admitted to probate. The

will, besides other bequests and provisions, bequeathed four United States bonds, of the par value of $8,000, to Lewis S. Simmons, in trust, to pay the interest accruing thereon to the testator's widow during her natural life. It also provided that if the widow should choose to occupy his homestead, she should be allowed to do so at a low rent, not exceeding $200, and disposed of the residue of the estate in the words following, to wit:

" All the rest of my estate I give and bequeath to Rebecca G. Knox, widow, of Waterloo, New York, the legal heirs of Benjamin Goddard Mumford, of Providence, and of Thomas C. Mumford, also of Providence, Mary S., wife of James Lawton, of Laconia, New Hampshire, Martha C., wife of George W. Swinburne, Elizabeth R., widow of John Sterne, and Catharine T. Mumford, of Newport, and Sarah S., wife of A. Harwood Bacon, of Detroit, Michigan, share and share alike, to them, their heirs and assigns forever. Should either of my above named children die leaving no legal heirs born of their own body, then I give their shares after their death to my then living heirs, none receiving more than the income of my property during the lifetime of the said Louisa B. Mumford."

Louisa B. Mumford was the testator's widow.

At the time the will was made the testator had seven children, viz.: Rebecca G. Knox, Thomas C. Mumford, Mary S. Lawton, Martha C. Swinburne, Elizabeth R. Sterne, Catharine T. Mumford, and Sarah P. Bacon, all of whom survived the testator and his widow. He had had a son, Benjamin Goddard Mumford, who died before him, leaving two children, who survived him and the widow. Rebecca G. Knox, Thomas C. Mumford, Mary S. Lawton, Martha C. Swinburne, and Sarah P. Bacon had children living when the will was made and when the testator died. The widow died in January, A. D. 1887. The following questions are presented for decision, to wit:

*First.* Whether the words " of Thomas C. Mumford," contained in the residuary clause, are not to be construed " to Thomas C. Mumford," the word " of " being written instead of " to " by clerical error.

*Second.* Whether the words " die leaving no legal heirs born of their own body " are to be construed " die before the testator,

leaving no legal heirs born of their own body," and whether, upon the death of the widow, the executor was authorized and directed to distribute the residue to such of the testator's children as were living at his death, and to the heirs of the son who had predeceased him, or whether the heirs of the body of such of the children as died before the widow are entitled to their shares, and the rest is to be held in trust to be divided at the death of each of the other children.

*Third.* What share of the residue did the two children of Benjamin Goddard Mumford take under the will.

We think it is evident that " of " was used instead of " to " in the residuary clause at the place indicated by the first question. This appears from the words of the following sentence, " Should either of my above named children die leaving no legal heirs of their own body, then I give their shares after their death to my then living heirs." The words clearly import that all the children were to have their shares until their death, Thomas C. not excepted.

We do not think the words " die leaving no legal heirs born of their own body " are to be construed, " die *before the testator* leaving no legal heirs born of their own body." There is nothing in the context to warrant such a restriction, and the words " I give their shares after their death " show that the testator contemplated a period before their death during which the child or children designated would or might enjoy their shares. It follows that the bequest over is a bequest which may still take effect in case any of the children die without leaving any legal heirs born of their own body, unless the language is to be construed as signifying an indefinite failure of issue, and not simply a failure to leave issue living at the death of the first takers. We think the testator had in mind the latter kind of failure. The language is, " Should either of my above named children die leaving no legal heirs born of their own body, then I give their shares *after their death to my then* living heirs." It seems to us that " after their death " obviously means immediately after their death, not an indefinite length of time afterwards, the words being introduced to fix definitely the time at which the bequest over is to take effect ; and see *Pinbury* v. *Elkin*, 1 P. Wms. 563 ; *Wilkinson* v. *South*, 7 Term Rep. 51, 553 ; *Trotter* v. *Oswald*, 1 Cox, 317, which so hold.

The bequest over is an executory bequest, and in the event of any of the children dying without issue living at his or her death it will carry his or her share to the testator's then living heirs. 4 Kent Comment. 12th ed. *278, note ; 2 Jarman on Wills, 5th Amer. ed. by Randolph & Talcott, 485, note ; *Norris* v. *Johnston*, 17 Gratt. 8 ; *Jones* v. *Miller*, 13 Ind. 337.   It is argued that the words " none receiving more than the income of my property during the lifetime of the said Louisa B. Mumford," imply that the legatees are to receive the principal at her decease.   But the words are connected with the bequest over, and it may be argued with as much if not greater probability, that they were used by way of precaution to make it clear that the bequests over were, like the primary bequests, subject to the widow's life interest, so long as she lived.

The will contains the following clause, to wit : " The estate standing in my name in the city of Detroit, Michigan, is mine only so far as its cost and the interest at six per cent. which may be due at the time of my decease, which amount she will furnish my executor, and he will deed the same to my daughter, Sarah P. wife of A. Harwood Bacon, when the division of my estate is made, if not before."   It is argued that this indicates an expectation on the part of the testator that Mrs. Bacon would take her share absolutely in the division, and could use it in paying for the estate in Detroit.   We recognize the force of this argument, but nevertheless we think the inference from the clause is too indecisive to control.

We think, therefore, that the only persons who are at present entitled to have their shares of the residuary personalty delivered to them in full are the two children of Benjamin Goddard Mumford, and the issue of such of the testator's other children as may have died, and that the executor should retain the rest, except personal articles which can only be enjoyed by use, to answer the bequests over, paying the income, meanwhile, to the legatees to whom the shares are primarily given, and, as they severally die, dividing the principal according to the will.

We think the two children of Benjamin Goddard Mumford take together under the will a single share as representing their father. They are mentioned not as children, but as " heirs," a word which

carries in itself the idea of succession to the right or place of the ancestor. *Balcom* v. *Haynes & others*, 14 Allen, 204, 205. The manner of their mention, too, among the children of the testator, indicates that they were intended to count representatively as one of the children. *Tillinghast, Executor*, v. *Cook*, 9 Metc. 143 ; *Daggett* v. *Slack*, 8 Metc. 450 ; *Clark* v. *Lynch*, 46 Barb. S. C. 68 ; *Ricks* v. *Williams*, 1 Dev. Eq. 3. The words " share and share alike " are the only words which cause us any difficulty, for these words and the words " equally," " equally between them," and " to be equally divided between them " have been often construed to call for an equal division among all the persons entitled. But, as was remarked in *Balcom* v. *Haynes & others, supra*, such a construction is not necessary, since the words " may be satisfied by being applied to the division between the classes, and not to that between the individuals." In that case the testator gave a residue to his living brothers and sisters, naming them, and to the heirs of a deceased sister, " to be divided in equal shares between them," and it was held that the heirs of the deceased sister took *per stirpes*. It is true that in the same will the testator gave a pecuniary legacy to " the heirs " of said sister, and the court seized upon that as an aid to the construction, but it was clearly not worth much as an aid. In *Executors of Wintermute* v. *Executors of Snyder*, 3 N. J. Eq. 489, the testator bequeathed a part of his estate to " be divided, share and share alike, between the heirs of Joseph Snyder, deceased, William Snyder and his heirs, and Peter Snyder and his heirs." And the court held that " he meant that the heirs of Joseph, who was dead, should represent their father and take one share among them, and that Peter and William should take the other two." So in *Roome* v. *Counter*, 6 N. J. Law, 111, where the bequest was to be equally divided among several children and " the heirs of my son Peter," it was decided that the children of Peter should take *per stirpes*. See, also, *Spivey* v. *Spivey*, 2 Ired. Eq. 100 ; *Burgin* v. *Patton*, 5 Jones Eq. 425 ; *Bassett* v. *Granger*, 100 Mass. 348 ; *Rand* v. *Sanger*, 115 Mass. 124 ; *Holbrook, Executor*, v. *Harrington*, 16 Gray, 102 ; *Talcott* v. *Talcott*, 39 Conn. 186 ; *Raymond* v. *Hillhouse*, 45 Conn. 467. It seems to us that the intention of the testator to have the children of his son Benjamin take representatively as a unit, rather

than individually, is too clearly manifested by the significant choice of the words " legal heirs " to designate them, and by the entire structure of the bequest, for us to allow the words " share and share alike " to control.   Under such a construction the words are applicable, as we have above seen; and, moreover, it should be considered that they are formal words, which are usually intended not so much to direct equality between the legatees as to denote an intent to have the legatees take as tenants in common instead of as joint tenants.                              *Decree accordingly.*

*Francis B. Peckham*, for petitioner Swinburne.