## JOSEPHINE H. COWLES v. HANNAH E. HENRY.[1]

June 27, 1895.

Nos. 9408—(218).

**Wills—Construction.**

> G. executed a will. The third clause thereof is as follows: "All the rest, residue, and remainder of my property, real, personal, and mixed, and of every kind and nature, and wheresoever situate, I give, bequeath, and devise unto my father, J. W. G., and to my mother, H. A. G., and to the survivor of them, for and during the term of their natural lives and the natural life of such survivor, with right to use, in addition to the income, rents, and issues thereof, so much of the personal estate absolutely as may be necessary for their personal maintenance and comfort; and, upon and at the death of the survivor of my parents, I give, bequeath, and devise all of the same property, of every kind, or so much thereof as may then remain, to my brother H. G., and to my sisters, J. H. C. and H. E. H., share and share alike, and to their heirs taking by representation, to have and to hold the same to my said brother and sisters, their heirs and assigns, to their own use, forever." *Held,* that the absolute title to the rents and income vested in the parents and the survivor, and, after their death, no vested remainder passed by the terms of the will to the other devisees.

**Same.**

> Where the language of a will is free from ambiguity, the testator is presumed to have used it in the ordinary and popular sense.

The will of Robert F. Gillam, deceased, was admitted to probate in the probate court of Hennepin county in 1879. By the will the testator gave $1,000 to Josephine H. Cowles, and the residue of his estate as stated in the opinion, and appointed his mother and his sister Hannah E. Henry executrices, and they duly qualified. In 1883 James W. Gillam, the testator's father, died, and in 1892 the testator's mother died. In 1894, the surviving executrix filed her petition in the probate court for a decree of distribution of the real estate, and presented her final account, by which it appeared that she received nothing and expended nothing. The petition alleged that the testator left personal estate appraised in the inventory at $6,200, and two parcels of real estate; that during the life of the

[1] Reported in 63 N. W. 1028.

testator's father the greater portion of the personal estate, after payment of funeral expenses and the legacy to Josephine H. Cowles, was used by the testator's father and mother in improving one of the parcels of real estate, and that the remainder was used by them and their survivor for their personal maintenance and comfort as provided by the will; and that none of the personal estate came into the hands of the petitioner, but it was wholly administered by her co-executrix.   Objections were filed by Josephine H. Cowles, on the ground that the final account did not show the disposition of the personal estate or charge the executrix with or show the disposition of certain rents alleged to have been collected by her from the real estate.   A decree was made by the probate court assigning the real estate to the petitioner Josephine H. Cowles and Henry Gillam, as residuary devisees, and an order was made allowing the account, from both of which Josephine H. Cowles appealed to the district court for Hennepin county.   The appeal was heard before Jamison, J., who found that the allegations of the petition were true and ordered judgment confirming the decree and order of the probate court.   From an order denying a motion to set aside the judgment and for a new trial, Josephine H. Cowles appealed. Affirmed.

*F. F. Davis*, for appellant.

*Woods & Kingman*, for respondent.

BUCK, J.   The counsel for the appellant has relieved us of the necessity of discussing the question as to whether the court below erred in rejecting the evidence offered in regard to the amount collected or received as rents and income from the real estate devised by Robert F. Gillam to his father, James W. Gillam, and to his mother, Helen Ann Gillam, or the survivor of them, because, if the counsel is wrong in the legal effect which he claims for the will, then the evidence offered by him and excluded by the court was immaterial.

The controversy is over the legal effect of the third clause of the will, which reads as follows:   "Third. All the rest, residue, and remainder of my property, real, personal, and mixed, and of every kind and nature, and wheresoever situate, I give, bequeath, and devise unto my father, James W. Gillam, and to my mother, Helen Ann Gillam, and to the survivor of them, for and during the term of their

natural lives and the natural life of such survivor, with right to use, in addition to the income, rents, and issues thereof, so much of the personal estate absolutely as may be necessary for their personal maintenance and comfort; and, upon and at the death of the survivor of my said parents, I give, bequeath, and devise all of the same property, of every kind, or so much thereof as may then remain, to my brother, Henry Gillam of Topeka, Kansas, and to my sisters, Josephine H. Cowles and Hannah Eliza Henry, share and share alike, and to their heirs taking by representation, to have and to hold the same to my said brother and sisters, their heirs and assigns, to their own use, forever."

The appellant asserts, as a proposition of law, that the first and great object of inquiry in the construction of a will is the intention of the testator. With this proposition we are in accord, but, when the language of the will is free from ambiguity, there is no need of construction or interpretation to find the intent except as the same appears in the well-understood meaning of the language in the will itself.

The language used in this will is free from ambiguity, and we find out the sense of the form of words used by simply reading them. The testator is presumed to have used them in the ordinary and popular sense; and, so considering them, it is apparent that the absolute title to the rents and income from the real, personal, and mixed property described in the third clause of the will passed to the father and mother of the testator and the survivor of them, and that upon the death no vested remainder therein passed to the other devisees. If there was not enough of such rents and income, then the father and mother had an absolute right to use in addition thereto so much of the personal estate as might be necessary for their personal maintenance and comfort; but the rental belonged to the life tenants, and upon their deaths, if any remained, it would be administered as part of their estates, and not of the estate of Robert T. Gillam. Therefore, whether the respondent collected the rents and income of the estate so devised is no concern of this appellant, at least not by a proceeding of this nature. If she has any such funds in her possession, that is a matter between respondent and the representatives of Helen Ann Gillam.

The order appealed from is therefore affirmed.