# SARAH LOHLKER v. LOUISE LOHLKER and Another.[1]

October 21, 1910.

Nos. 16,956—(151).

**Will construed.**

A testator devised his homestead to his wife for her life, remainder to certain children, and provided certain named children, including defendants, should have the right to occupy the homestead with the widow "until they shall have homes of their own." Other provisions of the will created a trust estate to maintain the homestead and provide for the support of the widow and children. The trust estate having terminated by limitation plaintiff claims defendants' right of occupancy in the homestead has also expired. *Held*, the only direct limitation upon defendants' right to live upon the homestead was when they should have homes of their own. The subsequent provisions not being necessarily in conflict with this language, the intention of the testator must be determined from the words used in actually granting the right.

[1]Reported in 127 N. W. 1122.
        112 M.—18.

Action in the district court for Ramsey county to have plaintiff adjudged to be the owner of a life estate in the homestead of her deceased husband free from any right of occupancy by defendants, his children, and to have defendants enjoined from interfering with the exclusive enjoyment of the homestead by plaintiff. The facts are stated in the opinion. The case was tried before Kelly, J., who found in favor of defendants. From an order denying plaintiff's motion for a new trial, she appealed. Affirmed.

*Walter L. Chapin,* for appellant.

*Allen & Straight,* for respondents.

O'BRIEN, J.

Adam H. Lohlker died testate April 19, 1896, leaving his widow, the plaintiff in this action, and nine children. Lohlker had been twice married, and six of the children were the issue of the first marriage. At the time of his death Lohlker was living in the homestead, which is the subject of the present controversy, with the plaintiff, her three children, and three of the children by his first wife. The defendants are two of the children of the first marriage, then with their father in the family home. Lohlker's will disposed of his entire estate, including the homestead. The portions of the will material in this action may be summarized as follows:

"It is my wish that my estate be kept together in order to produce an income for my wife and children, and that the latter, until they shall have homes of their own, shall have the right to occupy my homestead with my wife.

"I therefore devise the two lots on which the family residence stands * * * to my wife, Sarah Lohlker, for the term of her natural life, to be used by her as a home in common with my children Louise Lohlker, Rose Lohlker, Florence Lohlker, William Lohlker, Lillie Lohlker, and Arnie Lohlker. I give all my household furniture, together with my horse and carriages, and all similar personal property to my wife absolutely."

The residue of the estate was bequeathed to testator's wife and son William in trust, first, to maintain all the property, including the homestead; second, to pay one-third of the balance of the income

to the wife during her life, the balance to be divided among eight of the nine children. The will also contained the following provisions:

"* * * The children while living at the homestead shall be charged with board in favor of my wife, out of their incomes, and the cost of their support and living shall be paid out of their incomes; but no charge shall be made for their use of the homestead. * * *

"The above trust shall continue during the life of my wife Sarah and my youngest child Arnie, or the survivor of them, not, however, exceeding the time when all my children then living shall have reached the age of twenty-two years.

"My said trustees shall for the space of two years next after my children then living shall have reached the age of twenty years, have the power to sell the store property above described (being in Block Two [2], Whitney & Smith's Addition), and the homestead property above described, the latter subject, however, to my wife's life estate, on such terms as may be satisfactory to them.

"At the termination of the trust the real property then remaining except the homestead, including the two lots above described, and all other property belonging to the estate, shall be divided as follows:

"One-third shall go to my wife Sarah. * * * The homestead, including the two lots, if then unsold, shall be divided among my children (excepting Jessie) living at my decease, in equal shares, but subject to my wife's life estate therein."

A final decree in the estate of Adam H. Lohlker was entered in the probate court of Ramsey county July 11, 1898, which contained the following recital: "And it further appearing that, by the terms of the will of said deceased, said deceased devised to his said wife, Sarah Lohlker, the two lots on which the family residence stands, * * * to be held by said Sarah Lohlker, for the term of her natural life, to be used by her as a home in common with the children, Louise Lohlker, Rose Lohlker, Florence Lohlker, William Lohlker, Lillie Lohlker, and Arnie Lohlker. * * *" The portion of the decree assigning the property was: "* * * Being the site of the family residence of said deceased, is assigned to and vested in said Sarah Lohlker, widow of deceased, during her natural life, under the terms

of said will, and, subject to such life estate, the same is hereby vested in the aforesaid children of said deceased.  *  *  *"

The youngest child, Arnie, became twenty-two years of age May 10, 1909. No sale of the homestead has ever been made. Some time in 1904 the defendants went to the state of California, remaining there until the latter part of 1909, when they returned to Minnesota and proceeded to take up their residence in the homestead, wherein they now claim the right to reside. Plaintiff, as the widow of Adam H. Lohlker, brings this action, praying that she be adjudged to be the owner of a life estate in the homestead, free from any right, title, interest, or right of occupancy in the defendants, or either of them, and that defendants be permanently enjoined from claiming any right of occupancy or interfering with plaintiff's exclusive enjoyment of the property. The trial court found for the defendants. Plaintiff appeals from an order denying a new trial.

1. Plaintiff claims that by residing in California from 1904 until 1909 defendants permanently changed their residence and abandoned any right which they might have had to live upon the homestead during the remainder of plaintiff's life. The allegation of the answer in this respect, which the court found to be true, was that defendants never had or claimed any other home than the homestead described in the complaint, that while in California they resided with various friends, and that they claim, and at all times have claimed, a continuing right of occupancy in the homestead. The reply did not put this allegation in issue. The complaint, however, did allege that defendants in 1904 went to California to live. No testimony was offered or given on the subject. The burden of proving the abandonment of the homestead, or the procurement and establishment by them of other homes, was, of course, upon the plaintiff; and it follows that the finding of the court upon this subject cannot be disturbed.

2. Other assignments bring up the construction placed upon the will by the trial court and may be considered together. Plaintiff's contention is that "the will shows that the testator had in mind only a temporary occupancy of the homestead by the children, which in no event would extend beyond the termination of the trust, otherwise

provided for, on the youngest child reaching the age of twenty-two years." In other words, plaintiff claims that Lohlker, intending to provide for and keep his children together during their younger years, placed the greater portion of his property in a trust which was to continue until the youngest child became twenty-two years of age, and gave to the children then residing with him the right of occupancy in the homestead during the continuance of the trust so established, so that, taking into consideration all of the provisions of the will, the intention clearly appears that the right of any child to occupy the homestead without plaintiff's consent ended upon the termination of the trust, and, the trust having now expired, the right of occupying the homestead by the defendants has also expired.

It is the duty of the court to give effect to a testator's intention as declared in his last will, and where the language of the will is ambiguous, or capable of more than one meaning, the effort of the court must be to ascertain the intention and give that effect. Yates v. Shern, 84 Minn. 161, 86 N. W. 1004; In re Swenson's Estate, 55 Minn. 300, 56 N. W. 1115. Upon the other hand, where the language used is plain, and capable of only one meaning, the court is not at liberty to speculate as to the intention of the testator, but must, if the bequest is lawful, give effect to the language actually used. Cowles v. Henry, 61 Minn. 459, 63 N. W. 1028.

The application of these elementary propositions seem to us to be decisive of this case. The language of the will is: "It is my wish that my estate be kept together in order to produce an income for my wife and children, and that the latter, *until they shall have homes of their own,* shall have the right to occupy my homestead with my wife." The only limitation which the testator made upon the right of occupancy by the defendants was that contained in the words we have italicized in the above quotation, namely, "until they shall have homes of their own." In effect plaintiff asks that there be added to that another limitation, and that we construe the will as reading the defendants should have the right to occupy the homestead until they shall have homes of their own or until the expiration of the trust created by the will.

Counsel has argued with much skill that the other portions of

the will which we have quoted show the testator's intention that the right of occupancy by the defendants should come to an end when the trust estate was distributed to the beneficiaries and the solidarity of this group of individuals as to their maintenance had ceased. It may be the testator expected that when the end of the trust period arrived it would no longer be necessary to maintain the homestead in the same manner. The fact that no specific provision is found for the maintenance of the homestead out of the residue of the estate after the end of the trust period may indicate the belief upon the part of the testator that by that time the relations between the different members of his family would be satisfactorily adjusted, and it was unnecessary for him to provide any hard and fast rules for a later period.

But these are mere conjectures, while the will expressly provided that each of the defendants should have the right of occupancy in the homestead until she obtained a home of her own. The subsequent paragraphs of the will are not necessarily in conflict with the provision which refers directly to the occupancy of the homestead, and in the absence of positively inconsistent provisions, or an expressed intention to modify the first provision, we would not be justified in placing upon the entire instrument the construction counsel contends for.

It is not necessary that we should consider what would constitute a home other than that claimed, and we do not wish to be understood as holding that, in order to defeat the right of occupancy in either of the defendants, it would be necessary to show that the actual purchase of a dwelling house had been made by her. There is no evidence in this case that either of the defendants have any other home, or that any person is under an obligation to furnish either of them with a home; so that, so far as the record shows, each of the defendants is entirely within the terms of the will.

Order denying a new trial affirmed.