## JOSEPH H. EMPENGER v. MARY FAIRLEY.[1]

October 18, 1912.

Nos. 17,692—(28).

**Case followed.**

An executor may appeal from a judgment of the probate court construing the will and assigning the property to a devisee. Burmeister v. Gust, 117 Minn. 247, 135 N. W. 980, followed and applied.

**Vacation of street — case inapplicable.**

The rule in Wait v. May, 48 Minn. 453, that the grant of a lot in the original plat of the village of Excelsior bounded on Lake street is presumptive evidence of an intention to convey title to the full width of Lake street and to the shore of the lake, has no application to conveyance by deed or devise after Lake street has been vacated.

**Vacation of street.**

The village of Excelsior had power to vacate a portion of Lake street and properly exercised such power.

**Same — construction of deed.**

After such vacation, the owner of a lot in such original plat conveyed by metes and bounds that part of the lot south of Lake street, and by a separate deed conveyed to the same grantee that part of the lot north of Lake street and between such street and the lake shore. *Held,* that the first named deed did not convey title beyond the center line of that portion of Lake street not vacated, and that a devise by the grantee referring to said deed for a description of the real estate devised, gave title to the devisee only to said center line.

**Admission of evidence.**

There was no reversible error in the rulings on the admission of evidence.

From that part of the decree of the probate court for Hennepin county assigning to Mary Fairley certain property belonging to the estate of Josephine Schmeidel, deceased, Joseph H. Empenger, as executor of the estate, appealed to the district court for that county. The appeal was heard by Steele, J., who made findings of fact and as

1 Reported in 137 N. W. 1110.

conclusion of law modified the decree of the probate court so far that no part of lot 3 mentioned in the opinion lying between the center line of Lake street and the lake shore should be assigned to Mary Fairley. From an order denying her motion for a new trial, Mary Fairley appealed. Affirmed.

*A. B. Choate,* for appellant.

*Hicks & Carleton* and *George A. Carleton,* for respondent.

BUNN, J.

Josephine Schmeidel, a resident of Hennepin county, died October 28, 1910, leaving no husband or children. At the time of her death she was the owner of part of lot 3 in the original plat of the village of Excelsior. Her portion of the lot was the center one-third of the northerly half, and fronted on Lake street, overlooking Lake Minnetonka. The location of lot three with reference to Lake street and the lake is shown by the following plat:

The decedent left a will which contained the following devise: "I devise all of that certain piece of land known as part of lot 3, Village of Excelsior, Minnesota, and recorded in the office of the

register of deeds of the county of Hennepin, Minn., in Book 632 of Deeds, on page 155, etc. to Mary Fairley."

Respondent, the executor of the will, in August, 1911, petitioned the probate court to construe the above devise to Mary Fairley, the doubt being as to whether under it the devisee took title to the entire lot owned by the testatrix, including that portion thereof lying between the southerly line of Lake street and low water mark, or whether her title stopped at the southerly line of Lake street. The probate court assigned the entire lot to Mary Fairley. The executor appealed to the district court, where the decree of the probate court was reversed or modified so that by its terms no part of lot 3 lying between the center line of Lake street and the lake shore should be assigned to Mary Fairley. The case comes to this court on appeal by Mary Fairley from an order denying her motion for a new trial.

1. Appellant's first contention is that the appeal of the executor to the district court should have been dismissed for the reason that the executor had no right to appeal. We hold against this contention, following and applying Burmeister v. Gust, 117 Minn. 247, 135 N. W. 980.

2. The case on the merits involves a construction of the devise above quoted; the real question is as to the intention of the testator as derived from the language of the will, construed in the light of the surrounding circumstances and subject-matter. The deed referred to in the devise discloses a conveyance by Mary Fairley to Josephine Schmeidel of that part of lot 3 lying southerly of the south line of Lake street. The deed was executed March 23, 1907, recorded March 25, 1907; and described by metes and bounds the property conveyed. On the same day Mary Fairley executed another deed to Josephine Schmeidel, in which the description of the property conveyed was "a strip of land lying between the northerly boundary line of Lake street and the shore of Lake Minnetonka lying northerly from a part of lot three (3) in the original plat village of Excelsior, now owned by the said Mary Fairley, together with all the riparian rights of the said first parties to this parcel of land."

At the time these deeds were given, Mary Fairley was the owner of the center third of the northerly half of lot 3, and her title ex-

tended to the lake shore, under the rule of Wait v. May, 48 Minn. 453, 51 N. W. 471. Her title was acquired in May, 1898. In the deed to her, as well as in all prior conveyances, the property was described as lot 3, or some part of lot 3, according to the original plat of Excelsior, or else the tract so conveyed was described by metes and bounds in words and figures which stated the northerly boundary line of the tract so conveyed to be coincident with the southeasterly boundary line of Lake street adjacent thereto. It is conceded that the grantee in each such conveyance took to the lake shore as part and parcel of the lot.

But while Mary Fairley was the owner of the tract, a part of Lake street was vacated. This vacated portion is shown on the above plat. This made her the owner of a strip of land adjacent to the lake shore free and clear from the public easement of a street. Under the rule of White v. Jefferson, 110 Minn. 276, 124 N. W. 373, 641, this strip was no longer a part or parcel of the tract south of Lake street; it was a separate tract; a conveyance by metes and bounds or other description of the tract south of Lake street would no longer give title to the lake shore, and would not include the vacated portion of the street. Mary Fairley could convey all she owned, or any part of it, and there was no longer the presumption from a description bounded on the street, either by reference to a plat or by metes and bounds, of an intention to convey to the lake shore. This, it seems to us, furnishes the most reasonable explanation of the fact that two deeds were deemed necessary to complete the transaction between Mary Fairley and her grantee. It was apparently considered, as was in truth the case, that the grantor was the owner of two separate parcels of land, separated by a street. The first deed, that referred to in the devise, did not, in view of the vacation of a portion of Lake street, convey to the lake shore, but only to the center line of that portion of Lake street that was not vacated. The second deed transferred the vacated strip adjacent to the shore. Of course, the will devised no more land than that described in the deed referred to, and if the vacation was valid, it follows that this was only that portion of lot 3 which was southerly of the center line of Lake street as it was after a portion thereof had been vacated.

But appellant contends that the vacation of Lake street adjoining the shore was invalid. It is insisted that this portion of Lake street was a public landing, and therefore that the village of Excelsior had no power to vacate it. The findings of the trial court are against appellant on this point, and are sustained by the evidence.

We have considered carefully the question of the power of the village to vacate a street and the proceedings which resulted in the action vacating this portion of the street, and the fact that Mary Fairley was one of the petitioners for the vacation, and reach the conclusion that there is no good ground upon which it can be decided that the vacation was not valid.

It may have been the intention of the testatrix to give appellant the lake shore. If so, she failed to express that intention in her will. We cannot give effect to an unexpressed intention of the testatrix, nor can we add a term to the will or modify the language used in order to make what seems to us a proper or reasonable devise. There is no ambiguity in the language of the devise when we look at the deed referred to, and consider the fact that Lake street had been vacated and the fact that the vacated portion had been conveyed in a separate deed to which no reference is made in the will. It would have been easy to have referred to both deeds, or to have described the entire property, and we are not permitted to supply that additional reference or description for the testatrix. We conclude that the trial court correctly held that appellant's title under the will extended only to the center line of Lake street.

We have considered the assignments of error that question rulings of the trial court on the admission of evidence, and find no error that would justify a reversal of the order appealed from.

Order affirmed.