JULIA WENGER HUTCHINS v. JOSEPH M. WENGER, JR., AND
OTHERS.[1]

June 2, 1916.

Nos. 19,667—(73).

**Construction of will.**

> The intention of the testator found from the will, taken in all its parts,
> was to give and devise one-third of his property to each of his two
> sons absolutely, and to dispose of the remaining one-third to trustees
> for the benefit of his daughter during her life with remainder over to
> his two grandchildren.

The last will and testament of Joseph M. Wenger, deceased, was pre-
sented to the probate court for Wilkin county and admitted to probate.
From the final decree in that estate, Julia Wenger Hutchins and William
J. Wenger appealed to the district court for that county. Joseph F.
Wenger, Jr., and Frederick O. Hammer, as executors of the will,
contested the appeal. The appeal was heard before Flaherty, J., who or-
dered judgment in favor of respondents. From the judgment entered
pursuant to the order for judgment affirming the final decree of the pro-
bate court, Julia Wenger Hutchins appealed. Affirmed.

*T. R. Kane,* for appellant.
*Edward P. Sanborn,* for respondents.

SCHALLER, J.

Joseph M. Wenger died testate in Wilkin county, this state, April 30,
1912. His heirs at law are his two sons, Joseph M. Wenger, Jr., and Wil-
liam J. Wenger, and his daughter, Mrs. Julia Wenger Hutchins. Two
grandchildren, Willard E. Wenger and Rhea Wenger, children of his son
Joseph M. Yenger, also survived him.

The will was admitted to probate June 4, 1912. The executors quali-
fied, the estate was fully administered and a final decree entered in the
probate court February 11, 1915. Mrs. Hutchins and William J. Wenger

[1]Reported in 158 N. W. 52.

appealed to the district court of Wilkin county where judgment of affirmance was entered. She alone appeals.

The testator was quite well to do. He had been extensively engaged in mercantile and banking business and was assisted in his enterprises by his sons, Joseph and William. The sons, during nearly all their lives, had worked for their father and assisted him in accumulating his property. During a period of nine years Joseph had conducted a mercantile business for his father at Brooten, into which business he had put all the money he had and all his salary and earnings as postmaster of that place. Thereafter, in 1899, he went to Campbell, and with his brother William worked for his father until the death of the latter. During a period of about four years before the father's death, Joseph and William each received a salary of $75 per month. When in 1908 the testator incorporated his private bank at Campbell, he gave to each of his sons approximately one-third of the stock, (33 shares) retaining 34 shares for himself. Joseph, the father of the two children, Willard E. and Rhea, was married. William never married. Before 1908 Joseph and William received from their father no compensation except their living expenses. Their ages at the date of his death were 47 and 45 years respectively.

Appellant's age at the time of her father's death was about 43 years. She had married in her young womanhood and lived in St. Paul. She had no children.

The principal contention of the parties involves the construction of paragraph fourth of the will of Joseph M. Wenger, Sr.

That instrument, so far as here material, reads as follows:

"Second: I give, devise and bequeath to my children, to be divided into three equal parts, said children being Joseph M. Wenger, Jr., William J. Wenger, and Julia C. Wenger (now Mrs. L. A. Hutchins), the business known as J. M. Wenger and Sons, located at Campbell, Minnesota.

"Third: All the real estate situated whether within the state of Minnesota or elsewhere to go to the above named children and to be divided into three equal parts.

"Fourth: It is my will and desire that the interests I possess in any property both real and personal, also any above referred to which is to

come to my daughter (Mrs. L. A. Hutchins), shall be held in trust for her and that she be entitled only to the income from same, during her lifetime, at her death, said daughter's interest is to go to the children of my son Joseph M. Wenger, Jr.

"Fifth: It is my will and desire that the remainder of my estate— that portion which remains undivided—and being the portion to come to my son, William J. Wenger, shall remain in trust for a period of ten years after my decease."

"The rules guiding courts in the construction of wills are too well settled to justify discussion or restatement. The sole province of the court in all such cases, where the terms of the will are in doubt, is to ascertain and give effect to the intention of the testator. When such intention is found from the will, taken in all its parts, it is conclusive and must be applied." Elberg v. Elberg, 132 Minn. 15, 155 N. W. 751.

The second paragraph of the will bequeaths the personal property of the testator to his three children, it having been shown that "the business known as J. M. Wenger and Sons, located at Campbell, Minnesota," represented and comprised all the personal property of the testator.

The third paragraph devises the testator's real estate to his three children in equal shares.

Appellant contends that paragraph fourth must be construed to vest in her a life estate in all of the testator's property or that it must be disregarded entirely. Respondents contend that, properly construed, it limits the estate devised to Mrs. Hutchins in the two preceding paragraphs and vests one-third of the entire property in a trustee for her benefit, she to have the income thereof, and that at her death the property vests absolutely in the two grandchildren.

Having in mind the rule that the intention of the testator must be ascertained and that when it "is found from the will, taken in all its parts, it is conclusive and must be applied," (Elberg v. Elberg, supra), there does not seem to be much difficulty in the instant case.

It is evident from the entire will that the testator intended to divide his estate into three equal parts for the benefit of his three children, and that he also intended to make provision for his grandchilden. The will was unskilfully and inartificially drawn, but it is not so devoid of meaning as

to be a mere nullity. There seems to have been an abortive attempt in the fifth paragraph to postpone the vesting of the devise to his son William J. Wenger, Jr. The provision "the remainder of my estate—that portion which remains undivided—and being the portion to come to my son, William J. Wenger," is much more obscure and meaningless than the language of the fourth paragraph, but it militates against the theory that the entire estate was to vest in trustees for the appellant under the fourth paragraph.

The language of the fourth paragraph is consistent with the terms of the second and third paragraphs as a limitation on the bequests and devises made in the second and third. We cannot totally disregard the provisions for the two sons, certainly not those made for Joseph, for nowhere else does the will attempt to limit the interest devised and bequeathed to him in paragraphs second and third. Nor can we disregard the testator's plainly expressed intention to provide for his grandchildren.

Taking the instrument as a whole, we are satisfied that the intention of the testator, found from the will taken in all its parts, was to give, and that the testator did give and devise one-third of his property to each of his sons, Joseph M. Wenger, Jr., and William J. Wenger, absolutely, and to dispose of the remaining third to trustees for the benefit of the appellant during her life with remainder over to his grandchildren, Willard and Rhea. The words "also any" in paragraph fourth are not of sufficient importance to overturn the intent of the testator as already expressed in the other provisions of the will.

Other questions raised in the briefs do not require extended discussion, our conclusion having been arrived at from the language of the will and the surrounding circumstances only. If the statements of the testator to the scrivener were erroneously admitted, the error was without prejudice.

Judgment affirmed.