IN RE ESTATE OF BRIDGET CONVEY.
KATE HAMMEL AND OTHERS, APPELLANTS.[1]

April 19, 1929.

No. 27,237.

*Moonan & Moonan,* for appellants.
*Gallagher, Madden & Gallagher,* for respondents.

OLSEN, C.

Appeal from a district court judgment.

Bridget Convey died testate. Her will was duly admitted to probate in the probate court of Waseca county in this state. At the time of the making of the will her children were six daughters, to whom she devised her estate, consisting of a farm of 160 acres

[1]Reported in 225 N. W. 17.

in Waseca county and personal property amounting to about $2,000.

The first paragraph of the will is the usual direction for payment of debts and funeral expenses. The second paragraph devises the farm in question as follows:

"To my children, Kate Hammel, formerly Kate Convey, Angie Convey, Nellie Convey, Mary Kaiser, formerly Mary Convey, Hannah Gallagher, formerly Hannah Convey, and Agnes Joyce, formerly Agnes Convey, and direct that said real property be sold as soon after my death as possible and the proceeds thereof divided between my said children in equal shares, except that my daughter Kate Hammel, formerly Kate Convey, shall have seven hundred dollars ($700.00) more than one-sixth thereof, and my daughter Angie Convey and my daughter Nellie Convey shall each have five hundred dollars ($500.00) more than one-sixth thereof."

The third paragraph of the will devises to the daughters Angie and Nellie certain lots in the city of Waseca, constituting the homestead of testatrix at the time the will was made, subject to the payment by them of $400 to the daughter Kate Hammel. The record contains no other reference to this homestead property; and as the will was made some seven years before testatrix died it may be assumed that it was disposed of before her death.

The fourth paragraph of the will bequeaths to each of the daughters Mary Kaiser, Hannah Gallagher and Agnes Joyce the sum of $25, "to be in addition to the provision made for them in paragraph two of this will, and this provision in this fourth paragraph of my will for my said daughters Mary Kaiser, Hannah Gallagher and Agnes Joyce, and the provisions made for them in the second paragraph of my will are the only provisions I make for my said daughters."

The fifth paragraph of the will directs that the funeral expenses be paid out of the property mentioned in the second paragraph thereof, being the farm in question.

The will then appoints Angie Convey as executrix.

The executrix received an income of some $2,000 from the farm, and the funeral expenses, amounting to $341, were presumably paid

therefrom. The probate court found that these expenses had been paid as provided in the fifth paragraph of the will.

The farm was sold for $12,000, as reported in the final account of the executrix, and the dispute here is as to the division of these proceeds. In other words, the question presented is the construction to be given to the second paragraph of the will, hereinbefore set out.

The will speaks for itself, and no extrinsic facts having any bearing upon its construction are presented. The probate court, and the district court on appeal, held that the intention of the testatrix was that the proceeds of the farm should be divided so as to give Kate Hammel $700 more and Angie Convey and Nellie Convey each $500 more than was given to each of the three other sisters. Stating it in another way, the construction placed upon the second paragraph of the will was that out of the proceeds of the farm there should be paid to Kate Hammel $700, and to Angie Convey and Nellie Convey $500 each, and then the balance of the proceeds divided equally among the six sisters. The resulting distribution was as follows: To Kate Hammel $700 plus $1,716.66, in all $2,416.66; to Angie Convey and Nellie Convey each $500 plus $1,716.66, or $2,216.66; and to each of the three other sisters $1,716.66.

The construction so given to the will seems to eliminate the words "more than one-sixth thereof," repeated in the provisions made as to the shares given to Kate Hammel and Angie and Nellie Convey. The words are construed as if they read "more thereof than each of my daughters Mary Kaiser, Hannah Gallagher and Agnes Joyce." The subject spoken of and thing to be divided was the proceeds from the sale of the farm, and the "one-sixth thereof" quite clearly refers to such proceeds. No ambiguity appears in the language used, and the words must be given their ordinary meaning. The other provisions of the will do not indicate any different intention.

The intention of the testator, as expressed in the language used in the will, is to be ascertained and given effect. The intention is to

be gathered from the entire will. Yates v. Shern, 84 Minn. 161, 86 N. W. 1004; Rong v. Haller, 109 Minn. 191, 123 N. W. 471, 806, 26 L.R.A.(N.S.) 825; Johrden v. Pond, 126 Minn. 247, 148 N. W. 112; Hutchins v. Wenger, 133 Minn. 188, 158 N. W. 52; Barney v. May, 135 Minn. 299, 160 N. W. 790; Buck v. Huntley, 151 Minn. 446, 187 N. W. 411.

The court cannot give effect to an unexpressed intention of the testator nor add a term to the will, or modify the language used in order to make what seems a more proper or reasonable devise, where there is no ambiguity in the language used. Empenger v. Fairley, 119 Minn. 186, 137 N. W. 1110; In re Estate of Brewster, 174 Minn. 568, 219 N. W. 919.

Where there is no ambiguity, the testator is presumed to have used words in their ordinary and popular sense. Cowles v. Henry, 61 Minn. 459, 63 N. W. 1028.

No different intention appearing, the will must be construed in accordance with what it says. Birge v. Nucomb, 93 Conn. 69, 105 A. 335; Bond v. Moore, 236 Ill. 576, 86 N. E. 386; U. S. F. & G. Co. v. Douglas' Trustee, 134 Ky. 374, 120 S. W. 328, 20 Ann. Cas. 993; Ham v. Ham, 168 N. C. 486, 84 S. E. 840, Ann. Cas. 1917C, 301; Allison v. Allison, 101 Va. 537, 44 S. E. 904, 63 L. R. A. 920.

Effect should be given to each word and clause if not inconsistent with the general intent of the whole will. 28 R. C. L. p. 217.

While equal distribution to heirs of the same class is favored in case of ambiguity, the will here in question clearly shows that equal distribution is not intended.

The testatrix having given to Kate Hammel $700 more than one-sixth of the proceeds of the sale of the farm and to Angie Convey and Nellie Convey each $500 more than one-sixth thereof, these proceeds should be so divided. It follows that Kate Hammel should receive $2,700 of the proceeds from the sale of the farm, and Angie Convey, now Angie O'Grady, and Nellie Convey, now Nellie Moonan, each receive $2,500 thereof; Mary Kaiser and Agnes Joyce each $1,433.33 thereof; and the heirs of Hannah Gallagher, now deceased, $1,433.33.

There were some $2,000 additional funds of the estate to be divided, and this was properly distributed by giving to Mary Kaiser

and Agnes Joyce $25 each, and to the heirs of Hannah Gallagher $25, as provided for in the fourth paragraph of the will; and by giving to each of the five living sisters one-sixth, and to the heirs of the deceased sister one-sixth of the balance.

The case is remanded to the district court with directions to amend its findings, conclusions of law and judgment in conformity with this opinion. When so amended, a certified copy of the judgment will be filed in the probate court and be substituted in place of the final decree in that court.

Modified and remanded.