IRENE JOSEPHINE COSS AND OTHERS v. P. O. GOEMBEL AND OTHERS.
JESSIE GOFF AND OTHERS, APPELLANTS.[1]

March 28, 1941.

No. 32,683.

[1]Reported in 297 N. W. 114.

*Hansen & Engan,* for appellants.
*R. W. Stanford,* for respondents.

LORING, JUSTICE.

This case comes here on appeal by the defendants Jessie Goff, Bessie Jorstead, Pearl Gauthier, and Earl Hyer from a judgment in favor of the plaintiffs in a suit to determine adverse claims to a quarter section of land in Rock county.

The land here involved belonged to David Hileman, who died testate March 26, 1907, leaving him surviving his widow, Rachel, and four daughters, the plaintiffs Irene, Martha and Margaret, and Amanda, who was the mother of these four appellants. He also left an unmarried son, David Mitchell Hileman, hereinafter referred to as Mitchell. To each one of his children he left a life estate in land, the remainder in fee to the surviving children of the life tenant in each case. The quarter here in controversy was left to Mitchell,—

"for and during the period of his natural life, and no longer, and the remainder in fee simple to his surviving children, if any there shall be, share and share alike. Should there be no children him surviving, I then give the same in fee simple, share and share alike, to his next of kin."

The last sentence is peculiar to the devise to Mitchell. It does not appear in the devises to the daughters.

Mitchell died in 1938 without issue. His mother predeceased him. Amanda had died in 1929, and this controversy arises between her four children and her three sisters over the proper construction of the devise to Mitchell's next of kin. The trial court held, following the English rule, that next of kin meant nearest of kin and concluded that the appellants had no interest in the property. The appellants contend that the words "next of kin"

mean those who would inherit under the statute in case of intestacy and rely upon New York Life I. & T. Co. v. Winthrop, 237 N. Y. 93, 106, 142 N. E. 431, 433, 31 A. L. R. 791. In that case the testator divided his residuary estate into three equal parts, one of which he devised and bequeathed in trust to pay the income thereof to his widow during her life and upon her death to pay the same to one of his daughters, Mrs. Morrell, and upon the death of both the widow and Mrs. Morrell, to the lawful issue of Mrs. Morrell, share and share alike, or in default of such issue to her next of kin. Mrs. Morrell predeceased the widow and left no issue. Upon the death of the widow, the question arose as to who were Mrs. Morrell's next of kin, there being a surviving sister and five surviving children of a deceased brother. The court, speaking through Judge Cardozo, held, as against the contention that the sister was the sole next of kin, that the devise to "next of kin" was the same effect as one to "legal heirs" or "legal next of kin" and that one as much as the other imported a reference to the statute of descent, citing many cases in support of its view. It also commented at length upon the English rule to the contrary, saying that even the English courts have adhered to their rule with avowed reluctance. The court held that [237 N. Y. 108] "the rule thus emerges that in the absence of clear tokens of contrary intention, the statute is to be taken as the standard of division." We believe the New York rule is just and adopt it.

The trial court here took the view that the use of the phrase "share and share alike" in connection with "next of kin" indicated an intention on the part of the testator that he meant nearest of kin since he could not have intended that the property should be divided share and share alike amongst the four grandchildren and the three daughters, but the cases support a contrary inference. Even if the will in the Winthrop case had devised the land to the "heirs at law" to share the same equally, as was contended to be its proper construction, the court held that it would properly be construed to be equivalent to a direction that

the distribution should be equal between stocks. Petition of Swinburne, 16 R. I. 208, 212, 14 A. 850; Allen v. Boardman, 193 Mass. 284, 79 N. E. 260, 118 A. S. R. 497. This rule is applicable where, as here, the next of kin take in substitution for another class. In re Lawrence's Executors, 238 N. Y. 116, 144 N. E. 361. We think, too, that this construction of the will finds support in the other provisions which are obviously intended throughout to protect the grandchildren. Much respectable authority follows the English rule, but since we are at liberty to choose we prefer the New York rule as the more logical and just.

The judgment is reversed with instructions to enter judgment in favor of the appellants for an undivided one-fourth interest in the land described in the complaint.