[1] Reported in 27 N.W.2d 412.
This is an appeal from an order allowing a final account and ordering distribution of assets in a proceeding commenced in district court requesting instructions for distribution of trust assets.
Paul J. Berrisford made his last will and testament August 14, 1920. He added codicils in 1921 and 1924. He died October 13, 1924. His will included a testamentary trust, for a period of 15 years from the date of his death, for assets other than his homestead and for *Page 447 
the homestead for the duration of his widow's life. The provision of his will as to duration of the trust and distribution of the trust property was as follows:
"(4) This trust shall terminate at the expiration of fifteen years from the date of my death, except that the trust as to the homestead property above described, or the proceeds thereof, shall terminate upon the death of my wife, whereupon the trustee shall promptly divide the personal property and assign, transfer and convey any real estate then remaining in said trust to and among the three beneficiaries above named, the survivor or survivors thereof and their issue, in the same proportions in which they are then enjoying the income therefrom; * * *."
The will further provided with reference to the homestead:
"* * * and upon her [testator's wife] death shall divide thesame or administer it as a part of the general trust fund
herein created upon the terms and conditions prescribed." (Italics supplied.)
The homestead was sold in 1925 pursuant to the will and the proceeds thereafter invested by the trustee. The widow survived the 15-year period, and in 1939 the assets other than the homestead were distributed as required by the terms of the trust. The testator's widow died in 1945. The daughter had died in October 1940 and the son April 17, 1941. The son left surviving him two children, who are the respondents in this suit. Appellant, Jesse Van Fleet Henley, had married testator's daughter and, after her death, testator's widow. He was the sole beneficiary under the wife's will and had shared equally with her in the daughter's will. The only issue is whether appellant is entitled to any part of the proceeds of the homestead.
From the language employed in the will, it is obvious that testator intended that the same disposition should be made of the proceeds of each branch of the trust. His paragraph (4) shows this beyond question. In that paragraph he first provided for termination of the part of the trust covering the homestead and also as to the property other than the homestead, "whereupon the trustee shall *Page 448 
promptly divide * * * and * * * transfer * * * to and among the three beneficiaries above named, the survivor or survivors thereof and their issue, in the same proportions in which they are then enjoying the income therefrom; * * *." It is quite likely that testator expected the trust in the homestead to terminate before the 15-year period, but the purpose to dispose of the proceeds of the homestead in the same way as the proceeds of the other branch of the trust were to be disposed of is clearly evident. That purpose is controlling.
"* * * The sole province of the court in all such cases, where the terms of the will are in doubt, is to ascertain and give effect to the intention of the testator. When such intention is found from the will, taken in all its parts, it is conclusive * * *." Elberg v. Elberg, 132 Minn. 15, 17,155 N.W. 751.
In re Trusteeship Under Last Will of Bell, 147 Minn. 62,179 N.W. 650. In order to take, the beneficiaries by the terms of the will must survive the termination of the trust. Neither of Henley's wives survived the homestead trust, and the first wife had no issue. Her mother, of necessity, could not survive the trust in the homestead. The children of the son, Paul D. Berrisford, respondents here, are the only surviving beneficiaries named in the trust. In our opinion, the trial court was right in its construction of the will.
Affirmed. *Page 449