## EVA MAY LONG v. ARTHUR E. WILLSEY AND OTHERS.[1]

February 18, 1916.

Nos. 19,609—(187).

**Will—final decree of distribution conclusive, when.**

1. In the case of the estate of a testate the final decree of the probate court necessarily construes the will in distributing the estate and, unless made subject to the provisions of the will or unless ambiguous or uncertain on its face, the will may not be resorted to for the purpose of modifying or affecting the decree.

**Same—unaffected by recital in decree.**

2. A final decree of distribution which in absolute and unequivocal terms has assigned the whole estate to one person is not affected with uncertainty or ambiguity by a recital that the distribution is in accordance with the terms of the will.

**Same—not affected by expression of testator's wish.**

3. Even were the court permitted to consider the will in the instant case, it should be construed as bequeathing and devising the whole estate to testator's widow absolutely. The expressions in the will of the

1 Reported in 156 N. W. 349.

testator's desire and wish, following the bequest and devise of the property in fee to the widow, do not limit her estate to one for life, nor create a precatory trust in favor of testator's children.

The last will and testament of William A. Miller, deceased, was duly allowed by the probate court of Fillmore county, which in September, 1909, made its final decree of distribution of said estate. In November, 1914, Eva May Long, a daughter of William J. Miller, petitioned the probate court for Waseca county in the matter of the estate of Sarah J. Miller, deceased, that upon the final distribution of that estate there be assigned to her such portion of that estate as she was entitled to by reason of the fact that at the time of the death of William J. Miller, the husband of Sarah J. Miller, the latter was not possessed of any estate whatever, and the property in court as the property of the intestate was a part of the property and moneys assigned to the intestate by the final decree of the probate court of Fillmore county in the estate of William A. Miller, deceased. Arthur E. Willsey, administrator of the estate of Sarah J. Miller, deceased, filed objections in behalf of her heirs. From the decree of distribution in the probate court of Waseca county, Eva May Long appealed to the district court of that county. The appeal was heard before Childress, J., who made findings and ordered judgment affirming that decree. From an order denying her motion for a new trial, Eva May Long appealed. Affirmed.

*John W. Hopp,* for appellant.

*Moonan & Moonan,* for respondents.

HOLT, J.

William A. Miller died testate in this state and in 1909 a final decree of the proper probate court was entered distributing all the personal property ($15,563.31) to the widow, Sarah J. Miller, "in fee." Then comes this paragraph: "Said above described homestead in the village of Preston, said S. ½ of the N. E. ¼ of the N. E. ¼ of section 26 in township 102 north of range 11 west in said Fillmore Co., and said above described 80 acres of land in Crow Wing county in said state, to the said Sarah J. Miller in fee; all as provided by the terms of the last will and testament of said deceased." Then comes a third paragraph distributing to Sarah J. Miller in fee another tract of land, subject to a contract of

sale to one Staplekamp. Prior to the entry of the decree, and while the widow still had the right to renounce the will, the heirs of the deceased met and voluntarily divided up the estate so that each of the five children received an equal share in two-thirds of the estate, the widow retaining a one-third thereof. The probate court was advised of this division prior to making the decree. The widow died intestate. Her estate was probated, and the residue, consisting of $6,172.19 in money, was assigned in equal shares to her three daughters. One of her daughters died subsequent to the voluntary distribution mentioned and prior to the death of the mother. The appellant, a daughter of William A. Miller by a former wife, appealed to the district court from the decree of distribution of the probate court in the estate of Sarah J. Miller. The district court found, in substance, that William A. Miller devised and bequeathed all of his property to his wife Sarah J. Miller; that the decree of distribution vested all of his property in Sarah J. Miller in fee; that appellant was not related by blood to Sarah J. Miller, and as conclusion of law that appellant was not entitled to share in the estate of Sarah J. Miller and the decree of the probate court should be affirmed.

We deem the finding to the effect that the final decree in the estate of William A. Miller vested all of his property in Sarah J. Miller "in fee" decisive of this appeal. That decree is not subject to a collateral attack in this action. Hence the only question is, does the evidence sustain the finding. Concerning the rendition of the decree and its form and language there can be no dispute. The distribution and assignment of the property of which William A. Miller died seized or possessed was made as above indicated. The paragraph dealing with the personal property standing alone clearly vests absolute title in the widow Sarah J. Miller; and the third paragraph dealing with the tract of land under contract of sale vests in her the title thereto in fee subject to the terms of the contract. The only matter in the whole decree affording any sort of support for a suggestion that the whole estate of William A. Miller was not vested absolutely in the widow, free from any legal claim of his children, either in the nature of a remainder or of a precatory trust, is found in the last clause in the second paragraph dealing with the homestead, the wood lot, and the land in Crow Wing county assigning the same "to the said Sarah J. Miller in fee; all as provided by the terms

of the last will and testament of said deceased." We do not consider that the clause after the semicolon creates any ambiguity in the decree, so that it is necessary to read into it the terms of the will. In making the final decree of distribution of a testate the probate court necessarily construes the will upon which the decree is based. Where a court of competent jurisdiction has construed a will, such construction is binding unless set aside in a direct proceeding. The clause referred to merely asserts that the decree, assigning all the estate to the widow of the testator absolutely and in fee, is in accordance with the will. The title vested in the widow is not made subject to the terms of the will. The decree here is therefore wholly unlike the one in Faloon v. Flannery, 74 Minn. 38, 76 N. W. 954, which assigned certain real estate to the widow subject to the conditions and provisions of the will. Furthermore, a reading of the decree in the instant case does not raise any doubt or uncertainty as to its meaning so that resort may be had to the will to make certain the estate assigned. Therefore Simons v. Munch, 127 Minn. 266, 149 N. W. 304, has no bearing. We do not overlook the fact that the children of William A. Miller are all named as his devisees, legatees and heirs in the recitals of the decree; but that does not tend to make uncertain either the nature of the estate assigned or the person to receive it, for the words employed in assigning the estate are those generally used to describe the highest and most absolute ownership, and unquestionably the only heir in whom the decree pretends to vest the estate is Sarah J. Miller.

But even were we permitted to go back of the decree of distribution and examine the will, the finding that William A. Miller bequeathed and devised all his property to Sarah J. Miller would have to be sustained. After stating in his will that, at the time of making it, he felt unable to make such disposition of his property as ought to be made and that he had implicit confidence in his wife, Sarah J. Miller, who had helped him accumulate the property and had patiently cared for him during his years of illness, Mr. Miller continues: "I give, devise and bequeath to her all of the property and estate of which I may die seized in fee, simply requesting her to do with the property when she is done with it or can spare it or any portion thereof, as I know she intends to do, and as I desire shall be done with it, that is, divide all property

equally among our children," naming them, including appellant. Then follows a suggestion that a piece of land in Crow Wing county be accepted by one of his daughters at a valuation of $500; that a daughter who was ill be properly cared for; and that advances be made to the children when the wife could safely do so, but that a record thereof be kept to the end that the children share alike. His wife was named executrix, without bond, and with full power "to sell and dispose of any and all property" he might leave.

To ascertain and give effect to the intention of the testator should be the guiding purpose in construing a will. To that end the meaning of isolated clauses and paragraphs may be modified by the evident intention deduced from a consideration of the whole document. Another rule is that, where an estate is bequeathed or devised absolutely to a person, it is not to be diminished or limited by subsequent provisions of doubtful meaning. Bills v. Bills, 80 Iowa, 269, 45 N. W. 748, 8 L.R.A. 696, 20 Am. St. 418. Under these rules it is manifest that the will cannot be held to grant the widow only an estate for life.

But it is claimed the language of the will is such as to create a precatory trust. In Burnes v. Burnes, 137 Fed. 781, 70 C. C. A. 357, Judge Sanborn accurately states: "The tendency of the modern decisions, both in England and in this country, is to restrict the practice which deduces a trust from the expression by a testator of a wish, desire, or recommendation regarding the disposition of property absolutely bequeathed." The following authorities go far to sustain the position that the precatory expressions, used by the testator Miller, are insufficient to impose a trust upon the estate bequeathed and devised absolutely and in fee to his widow. Halliday v. Stickler, 78 Iowa, 388, 43 N. W. 228; Hambel v. Hambel, 109 Iowa, 459, 80 N. W. 528; Mitchell v. Mitchell, 143 Ind. 113, 42 N. E. 465; Aldrich v. Aldrich, 172 Mass. 101, 51 N. E. 449; Holmes v. Dalley, 192 Mass. 451, 78 N. E. 513; Killefer v. Bassett, 146 Mich. 1, 109 N. W. 21; Foose v. Whitmore, 82 N. Y. 405, 37 Am. Rep. 572; Clay v. Wood, 153 N. Y. 134, 47 N. E. 274; Post v. Moore, 181 N. Y. 15, 73 N. E. 482, 106 Am. St. 495, 2 Ann. Cas. 591; Tabor v. Tabor, 85 Wis. 313, 55 N. W. 702, and Conlin v. Sowards, 129 Wis. 320, 109 N. W. 91.

Our conclusion is that the findings of the trial court above considered are right and a proper judgment is directed.

The order is affirmed.