# IN RE ESTATE OF HARRY H. WADSWORTH.[1]

February 21, 1929.

No. 27,104.

See note in 46 A. L. R. 781; 28 R. C. L. 241; 6 R. C. L. 1713; 7 R. C. L. Supp. 981.

*George A. Specht,* for appellants.
*Shaw, Safford, Putnam & Shaw,* for respondent.

DIBELL, J.

Winthrop M. Wadsworth and others, blood relatives of the decedent, Harry H. Wadsworth, appeal from a final decree of the district court of Hennepin county entered on appeal from the probate court assigning the estate of the decedent to his widow, Mary L. Wadsworth.

Harry H. Wadsworth made his will on July 31, 1914. He died on July 24, 1915. His will was admitted to probate on August 23, 1915. The decree of the probate court distributing the estate was entered on May 29, 1927, and the judgment of the district court on appeal was entered on July 3, 1928. The will is as follows:

"I, Harry H. Wadsworth, of Hennepin County, Minnesota, do hereby make and declare this to be my last will and testament hereby revoking all other and former wills by me heretofore made.

[1]Reported in 223 N. W. 783.

"1st. I direct my executrix hereinafter named to pay all my just debts and funeral expenses.

"2nd. I devise and bequeath all the estate and effects whatsoever and wheresoever, both real and personal, to which I may be entitled or which I may have power to dispose of at my decease, unto my dear wife,. absolutely, and I appoint her sole executrix of this my last will and testament, and authorize her to sell any or all my real estate as she may see fit and direct that she be exempt from giving any surety or sureties on her official bond as executrix.

"3rd. It is my wish and desire and I hereby direct and request that all of my estate remaining at the death of my wife, Mary L. Wadsworth, shall be distributed as follows:

"1st. To my brother, Frederick A. Wadsworth, if then living, $3,000.

"2nd. To the children of my brother, Frank H. Wadsworth, then living, ¾ of said remaining estate.

"3rd. To the children of my brother, Adrian R. Wadsworth, of Farmington, Connecticut, ¼ of said remaining estate.

"4th. In the event said Frederick A. Wadsworth shall predecease my widow his $3,000 shall go to his widow, Adele Wadsworth, if she is then living, if not living, then to the children of my said brothers in above proportions.

"In witness whereof, I have hereunto set my hand and seal on this 31st day of July, A. D. 1914.

"Harry H. Wadsworth (Seal)"

The appellants claim that the will gave the widow a life estate, subject to her disposition during life, and that the remainder upon her death went to the persons designated in the third paragraph of the will. The widow claims that the second paragraph of the will vested in her an absolute estate in fee, and that the provisions of paragraph three are inconsistent and repugnant to the gift of the estate to her in fee and are void.

When a life estate is given, with or without a power of disposition, and the estate remaining at the death of the life tenant is to go to designated persons, no difficulty of construction is involved.

This is not such a case. There is a definite line of cases holding that where an absolute title in fee is given by the testator to his widow, with full power of disposition, and with the provision that any portion left at her death shall go to other named individuals, the title in fee passes to the widow and the later provision is inconsistent and repugnant and of no effect whether expressed in words of wish or direction. This is such a case.

In Moran v. Moran, 143 Mich. 322, 323, 106 N. W. 206, 114 A. S. R. 648, reported with note in 5 L.R.A.(N.S.) 323, the important provisions of the will were as follows:

"I give and bequeath to my beloved wife, Mary E. A. Moran, all my property real and personal, of every name, nature and description to be hers absolutely, providing however, that if at her death any of the said property be still hers, then said residue still hers shall go to my, not her, nearest heir or heirs. She is made sole executrix of this will without bonds."

The trial court held that the proviso was void and that the estate was in the widow under the direct gift in the will. The supreme court said [143 Mich. 324]:

"This is a plain, clear, and direct gift and devise, without qualification or limitation. It offers no difficulty in arriving at the real intent and meaning of the testator. By it he gave his wife all of this property, and created in her a title in fee simple to the real estate, with unlimited power of conversion and disposition."

Referring to the proviso it said [143 Mich. 324]:

"If by this it was intended to dispose of a remainder over to his heirs, it is certainly repugnant to the former part of the will already construed, and is void, being inconsistent with the absolute estate already devised. * * * He says: 'If at her death any of said property be still hers, then said residue still hers shall go to my nearest heirs'—thereby expressing his wish as to its distribution."

In Will of Jansen, 181 Wis. 83, 85, 193 N. W. 972, 49 A. L. R. 5, the third clause of the will under consideration provided:

"I give, devise, and bequeath all the rest of my property, personal and real, whichsoever and wherever same may be, to my beloved wife, Susan Jansen, absolutely, with full power to sell at any time she may see fit."

The fourth clause provided [181 Wis. 85]:

"I direct that after the demise of my beloved wife, Susan Jansen, the following property be given to my son Edward Jansen."

Then followed the description of certain property which was included in the third clause. The court said [181 Wis. 85]:

"The third bequest uses apt terms to devise absolutely, and without condition of any kind, the property described to the widow. Not only is the property devised absolutely, but it is added that the wife shall have full power to sell at any time she sees fit. In order to carry out the clear purpose of the testator in the third clause of the will and to give effect to the fourth clause, we must consider the evident intent of the testator. It would seem that he intended the wife to have the property in fee absolute with power to sell, but that in case the property was not sold upon her death, the testator expressed the wish or desire that she should provide that the son should inherit from his mother certain portions thereof, as described in the fourth clause of the will. So the word 'direct' must be construed as the mere expression of a desire or wish of the testator to his wife."

Other cases in harmony with the doctrine applied in the two cases from which the quotations are made may be noted. Foster v. Smith, 156 Mass. 379, 31 N. E. 291; Knight v. Knight, 162 Mass. 460, 38 N. E. 1131; Curry v. Curry, 58 Ind. App. 567, 105 N. E. 951; Holt v. Wilson, 82 Kan. 268, 108 P. 87; Joslin v. Rhoades, 150 Mass. 301, 23 N. E. 42; Gaston v. Ford, 99 N. J. Eq. 592, 133 A. 531; Bradford v. Martin, 199 Iowa, 250, 201 N. W. 574; 2 Schouler, Wills (6 ed.) § 1320; 2 Underhill, Wills, § 686; note, 46 A. L. R. 777, 781; 28 R. C. L. p. 241, § 206; and Am. Dig. Wills, §§ 600-601.

The case comes within the class of those cited, and we hold that there was vested in the wife under the will an estate in fee and

that the dispositions assumed to be made by paragraph three were ineffectual. The rule adopted is recognized in Elberg v. Elberg, 132 Minn. 15, 155 N. W. 751, and Long v. Willsey, 132 Minn. 316, 156 N. W. 349. A late illustration of the gift of a life estate with power of beneficial disposition, with limitation over of the remainder upon the death of the life tenant, is Larson v. Mardaus, 172 Minn. 48, 215 N. W. 196; and an early one is In re Estate of Oertle, 34 Minn. 173, 24 N. W. 924, 57 Am. R. 58. The case of In re Estate of Martin, 166 Minn. 269, 207 N. W. 618, does not aid the appellants. There subsequent gifts were not repugnant to the first.

Judgment affirmed.