[1] Reported in 257 N.W. 498.
Appeal from a declaratory judgment entered in and by the district court of Hennepin county affirming a judgment and decree of the probate court of that county construing the will of David E. Hasey, deceased.
This proceeding was brought under the uniform declaratory judgments act, L. 1933, c. 286, Mason Minn. St. 1934 Supp. §§ 9455-1 to 9455-16. The petitioners are Mary E. McCarle and Charles E. McCarle, her husband. The petition alleges that David E. Hasey died testate and that his will was duly admitted to probate in and *Page 583 
by the probate court of Hennepin county; that under the terms of paragraph three thereof there was bequeathed to decedent's sister, Mary E. McCarle, one of the petitioners, $150 per month to be paid to her during her lifetime, and that by the same paragraph the testator also provided that in the event Mr. McCarle survived his wife he was to be paid $100 per month during his lifetime. It is further alleged that the estate of the decedent has sufficient funds and assets with which to meet the required payments; that the time for filing claims expired January 7, 1934; that petitioner Mary E. McCarle "needs the provision made for her in said will, and payment thereof has been requested and refused, although the cash moneys and liquid assets in the estate are sufficient so that said monthly sum could be paid without embarrassment to the estate and without jeopardy to the full and lawful claims of creditors." The petition further alleges that Cecelia W. Hasey, the widow of decedent, has taken the position and asserts that she is the sole beneficiary under the will and that because of this conflict it is necessary that the will be construed by the court so that the rights of the parties may be determined and the provisions of the will as so interpreted carried into effect.
The probate court construed the will in accordance with the claims of the widow and entered its decree to that effect. Appeal was taken to the district court, and there the same result obtained. The matter comes before us upon petitioners' appeal from the judgment there entered.
A stipulation was entered into in the district court in substance as follows: That the only issue involved is one of law, i. e. the construction of the last will and testament of decedent, David E. Hasey, "and particularly the validity of the alleged bequest therein to Mary E. McCarle and Charles E. McCarle, appellants, which bequest is in the sum of $150 monthly during her lifetime * * * and on her death, $100 a month to Charles E. McCarle." It was further stipulated that Mrs. McCarle is of the age of 64 years and Mr. McCarle 81 years and that they are "in need of the bequests in the event of the validity thereof." *Page 584 
The will reads as follows:
"In The Name of God, Amen.
"I, David E. Hasey, of Minneapolis in the County of Hennepin and State of Minnesota, being of full age, of sound mind and memory, and considering the uncertainty of this frail and transitory life, do therefore make, ordain, publish and declare this to be my last will and testament.
"First — I order and direct that my Executrix hereinafter named pay all my just debts and funeral expenses as soon after my decease as conveniently may be.
"Second — After the payment of such funeral expenses and debts, I give, devise and bequeath unto my beloved Wife Cecelia W. Hasey all the rest, residue and remainder of my property of every kind and nature, real, personal, or mixed, now owned by me or thereafter acquired and wheresoever situated as her absolute property.
"Third — It is hereby directed that my sister Mrs. Mary E. McCarle of Chicago, Ill., be given one hundred fifty and no/100 dollars monthly during her natural life and one hundred dollars monthly to my brother-in-law Charles E. McCarle, same abode, in the event that he survives his wife above mentioned.
"Fourth — In the event that my wife should not survive me it is by us agreed that one hundred dollars be given monthly to each of my wife's sisters, viz: Mrs. John E. Palmer, Spring Brook, Wis.; Mrs. Geo. E. Rice, Venice, Calif.; Mrs. Ida Rollin, Weldona, Colo., and Mrs. Marie Adling, Vancouver, Washington.
"Fifth — In the event that these foregoing bequests become a burden on the estate, it is decreed that they be reduced judiciously to comport with existing conditions and circumstances.
"Sixth — In the event that neither one, wife or I survive the other it is decreed that the entire estate be distributed equally share and share alike among the aforementioned legatees.
"Seventh — Should the event mentioned in Article 6 ensue, Mrs. Jno. E. Palmer, Spring Brook, Wis., and Mrs. Charles E. McCarle, Chicago, Ill., are hereby appointed to administer the estate in accordance with the above provisions and [a named attorney] is hereby *Page 585 
recommended as legal adviser and it is suggested that he be engaged to insure all concerned a just and legal settlement of the estate should the services of an atty. be advisable or required.
"Lastly, I make, constitute, and appoint my wife Cecelia W. Hasey to be the Executrix of this my Last Will and Testament, hereby revoking all former wills by me made.
"In Testimony Whereof I have hereunto subscribed my name and affixed my seal the 20th day of January in the year of our Lord one thousand nine hundred and thirty-two.
"David E. Hasey (Seal)"
It will be observed that the will bears unmistakable earmarks of having been prepared by one not trained in the art of preparing such documents; hence it is not surprising that a difference of opinion has arisen as to its meaning. Decisions in this and other jurisdictions are numerous, and results reached are not in entire harmony. It is often difficult to determine just what a testator intends to accomplish. But it is a cardinal rule of construction, as stated in Long v. Willsey,132 Minn. 316, 320, 156 N.W. 349, 350, that "to ascertain and give effect to the intention of the testator should be the guiding purpose in construing a will. To that end, the meaning of isolated clauses and paragraphs may be modified by the evident intention deduced from a consideration of the whole document." Of special value to decision here is the following quotation from the same case [p. 320]:
"Another rule is that, where an estate is bequeathed or devised absolutely to a person, it is not to be diminished or limited by subsequent provisions of doubtful meaning. * * * Under these rules it is manifest that the will cannot be held to grant the widow only an estate for life."
In a later case, that of In re Estate of Wadsworth, 176 Minn. 445,446, 223 N.W. 783, a similar situation confronted the court. There testator gave all of his estate to his wife "absolutely," appointed her sole executrix without bond, and authorized her "to sell any or all" of his real estate as she "may see fit." In the next paragraph he provided: "It is my wish and desire and I hereby *Page 586 
direct and request that all my estate remaining at the death of my wife * * * shall be distributed" as thereinafter provided. The syllabus states the applicable law as follows [176 Minn. 445]:
"When a will gives an absolute title in fee and by later clauses expressed in terms of wish or direction makes inconsistent or repugnant dispositions, it will beheld that the title in fee is in the devisee first named and that the other provisions are void."
Appellants state their position thus: "The single question presented by this appeal is as to whether there is any valid provision for appellants in Mr. Hasey's will." They cite and rely upon Colton v. Colton, 127 U.S. 300, 310. 8 S.Ct. 1164,1168, 32 L. ed. 138, and other cases to the effect that:
"If it appear to be the intention of the parties from the whole instrument creating it that the property conveyed is to be held or dealt with for the benefit of another, a court of equity will affix to it the character of a trust, and impose corresponding duties upon the party receiving the title."
In 49 A.L.R. p. 12, the author of annotations states the principle thus:
"It is sufficient if he intended that his will should follow the property after his death, and imperatively control or limitits use." (Italics ours.)
Again, p. 20, et seq.:
"The reluctance of the courts to give precatory expressions the force of commands is manifested by the fact that the instances in which a trust has been held to exist are decidedly outnumbered by the cases in which it was held that no trust was created. The crucial test, then, is whether the wish, desire, or recommendation expressed by the testator, is meant to govern the conduct of the one to whom it is addressed, or whether it is merely an indication of that which he thinks would be a reasonable exercise of the discretion of such person, leaving it, however, to the person to exercise his own discretion." (See cases under notes 21 and 22.) *Page 587 
So the question here is: Did testator intend "that his will should follow the property after his death, andimperatively control or limit its use?" In view of what has been stated, it seems to us that the probate court as well as the district court came to a proper conclusion, namely, that the provisions of the third paragraph of the will merely expressed testator's wish or suggestion to his surviving spouse as to what he would like to have her do. No other conclusion is possible in view of the language used by testator in paragraph five. This paragraph negates any other conclusion. When testator gave his wife all of his property as "her absolute property," he used language that to him was familiar. There is nothing difficult or technical about that phrase. In later paragraphs he refers to bequests, legacies, decrees, and the like. It is obvious that he was dealing with words, the technical meaning of which was to him unknown, or at least of such uncertain value as to deprive these words of the meaning that one skilled in the art of preparing instruments of this nature would have in mind. The case of Moran v. Moran,143 Mich. 322, 106 N.W. 206, 5 L.R.A. (N.S.) 323, 114 A.S.R. 648, sustains the views here expressed. See also Burnes v. Burnes (C.C.A.) 137 F. 781, 782. The ninth paragraph of the syllabus in that case reads, as follows:
"The test of the first condition of a precatory trust is the clear intention of the testator to imperatively control the conduct of the party to whom the language of the will is addressed by the expression of the wish or desire, and not to commit to his discretion the exercise of the option to comply or to refuse to comply with the wish or suggestion expressed."
In Post v. Moore, 181 N.Y. 15, 73 N.E. 482, 483,106 A.S.R. 495, 2 Ann. Cas. 591, testator used this language: "It is my wish and desire that my said wife shall pay the sum of $300 a year to my sister-in-law." The court in that case held that the clause mentioned conveyed nothing to the sister-in-law but that the expression used by testator was one only of his wish or desire and as such did not create a trust or charge against his estate. The cases having a bearing upon this subject are annotated and adequately *Page 588 
discussed in 5 L.R.A. (N.S.) case note p. 323; also in 49 A.L.R. p. 7, et seq. and 70 A.L.R. p. 326, et seq.
Judgment affirmed.