**JANES v. REYNOLDS, Collector of Internal Revenue.**

**No. 473.**

District Court, D. Minnesota,
Third Division.

Sept. 16, 1944.

James C. Otis (of Otis, Faricy & Burger), all of St. Paul, Minn., for plaintiff.

Victor E. Anderson, U. S. Atty., and Linus J. Hammond, Asst. U. S. Atty., both of St. Paul, Minn., for defendant.

NORDBYE, District Judge.

The determination of the issues herein is primarily dependent on the construction of the will of one Edward B. Young, the effect of the will of his wife, Violet D. Young, the effect of the decree of the Probate Court in the Young estate, and the effect of the decree in the declaratory judgment suit brought by James Otis, as the executor of the estate of Violet D. Young, against certain defendants.

Edward B. Young, a lawyer, was the father of the plaintiff herein and the husband of Violet D. Young. He died testate on March 25, 1927. His wife and his daughter, the plaintiff, survived him. He left considerable real and personal property, and his will reads as follows:

"I, Edward B. Young, of St. Paul, Minnesota, make my last will and testament as follows:

"I. I devise and bequeath to my wife, Violet D. Young, all my estate excepting ten thousand (10,000.00) dollars of personal property, to use and enjoy the income thereof and so much of the principal as she may desire, giving her full power to sell, lease or mortgage any part thereof.

"II. The sum of ten thousand (10,000.-00) dollars above mentioned and so much of said estate or the proceeds thereof as may remain in the possession of my wife at the time of her death, and, if I shall survive my wife, then all my estate, I devise and bequeath as follows, to wit:

"III. All money, bonds, stocks, notes, accounts and securities I bequeath to the trustee or trustees hereinafter mentioned upon the following trusts and with the powers herein stated, to wit: To take possession thereof; invest and reinvest the same; to pay, quarterly or at any intervals

in their discretion, to or for the benefit of my daughter, Mary Blake Young, so much of the income as in their discretion shall seem advisable, until she shall have attained the age of twenty-five (25) years; to accumulate all income not so paid; to pay to my daughter during her life all the income accruing after she shall have attained the age of twenty-five (25) years; to pay to my daughter, from time to time, so much of the principal of said trust estate as in my wife's discretion during her life shall seem advisable, or as my wife may direct by her last will and testament. Upon the death of my daughter said trust shall terminate, and the trust estate shall be divided equally among her children and the issue of any deceased child, by right of representation. If she shall have died without issue, living at the time of her death, said trust estate shall be distributed in the manner provided in paragraph numbered five hereof. Said trustee or trustees shall have full power to sell, mortgage or lease any part of said trust estate and invest and reinvest the same and the proceeds thereof in such manner as to them shall seem best, and shall not be limited to investments of the character required by the laws of the State of Minnesota.

"IV. All other property mentioned in paragraph numbered two hereof, I devise and bequeath upon the death of my wife to my daughter, and if she shall then have died leaving issue, to such issue then living, by right of representation.

"V. If neither my daughter nor any of her issue shall survive my wife and myself, all property which I may have acquired from my wife by inheritance or otherwise shall be distributed upon the death of my wife, in equal shares to her sisters, Virginia D. Cosby and Judith Skidmore and her brother, Louis deV. Dousman, and the issue of any deceased, by right of representation. I suggest, but do not require, that said Judith and Louis and their issue use such property for the benefit of their mother and their sister, Virginia and her children; all other property mentioned in paragraph numbered two hereof shall be distributed upon the death of my wife in equal shares to my brothers, Herbert E. Young and Charles F. Young, and the issue of either deceased, by right of representation.

"VI. I appoint my wife, Violet D. Young, executrix of this will and trustee hereunder, giving her full power as executrix to sell and convey all or any part of my estate, and I request that no bond be required of her as executrix or trustee. I further authorize her in her discretion to appoint one or more additional trustees of the trusts created by this will, and to relieve the trustees appointed by her from giving bonds. Such appointment shall be made by a writing signed and acknowledged by her."

The final decree entered by the Probate Court on January 21, 1929, provided:

"Now, therefore, on the petition of said representative, and pursuant to due notice and the law in such case provided:

"It is ordered, adjudged and decreed, and this Court, by virtue of the power and authority vested in the same by law, doth hereby adjudge and decree, that four One Thousand (1,000) Dollar Pacific Telephone & Telegraph Co., 5% bonds; three One Thousand (1,000) Dollar Fourth Liberty Loan, 4¼% bonds, two One Thousand Dollar($1,000) Oregon Railroad & Navigation Co. Consolidated Mortgage, 4% bonds, and one One Thousand (1,000) Dollar Norman County, Minnesota, 5% bond, be and the same are hereby assigned to and vested in said Violet D. Young, as Trustee for the benefit of Mary Blake Young upon the trusts set out in said Will, and in full satisfaction of the legacy of Ten Thousand (10,000) Dollars mentioned in said Will.

"And it is further ordered, adjudged and decreed, that all and singular of the above described real estate and all and singular of the rest, residue and remainder of the above described personal estate, and all other unknown estate of said deceased, be and the same is hereby assigned to and vested in the said Violet D. Young for the purposes and upon the trusts set out in said Will, without prejudice, however, to any lawful conveyance of said real estate or any part thereof by said Violet D. Young."

In the probating of Edward B. Young's estate, it appears that $10,000 in cash was not available as a bequest to Violet D. Young, as trustee, as the will provided, and the personal property referred to in the decree was set aside to the trustee in lieu of said cash. It appears that, prior to the death of Violet D. Young, she transferred to her daughter the personal property comprising the entire corpus of the $10,000 trust.

Violet D. Young died testate on January 14, 1940, possessed of real and personal property of the total value of $119,564.46.

Her will, as amended by her codicil, bequeathed to her daughter the sum of $50,000. She made bequests to several other persons totaling $3,000, but all the rest of her property of every kind and character, except a few personal items, was bequeathed to her daughter absolutely. The property thus bequeathed to the plaintiff herein was the remainder of the estate, or the proceeds thereof, which Violet D. Young had received from her husband in pursuance of his will.

The Commissioner contends that the property thus received by the plaintiff under the will of Violet D. Young is subject to the Federal estate tax and that it was a part of the gross estate of Violet D. Young. The plaintiff, however, contends that the property so received consisted of the remainder interest under the will of her father, Edward B. Young, and that the bequest to her in her mother's will was the mere exercise of a special power of appointment which terminated the trust created by her father. That she must be sustained in her contention seems clear, first, because of the construction which must be accorded to the will of Edward B. Young and the final decree entered therein, and, second, because of the final decree in the declaratory judgment proceeding in Ramsey County District Court which settles the law with reference to the construction of the will of Edward B. Young.

The Edward B. Young will bestowed upon his wife, except as to the $10,000 which was bequeathed to her in trust, the use and enjoyment of all his property for life, with the right to use so much of the principal as she should desire and with full power of sale, lease, or mortgage. The amount of his estate, however, or the proceeds thereof remaining in possession of his wife at her death, was disposed of as follows: All moneys, bonds, stock, notes, accounts, and securities were bequeathed and assigned in trust, subject to the right and power of Violet D. Young to transfer by her will any part of such trust property to her daughter, the plaintiff herein, absolutely and free from trust, and, second, unless such trust was terminated by Violet D. Young, the trust would continue until the death of the plaintiff and then to her issue, if any, and if none, then as provided in paragraph V of the Edward B. Young will.

It would seem that a reading of the entire will of Edward B. Young leaves no serious question as to the intention of the testator. There is no conflict between paragraph I, which creates a life estate in Mrs. Young, and the subsequent provisions of the will. It seems quite evident that Young desired that his wife should have the use and income of all of his property, excepting the $10,000, during her life time, with the full power to sell, lease or mortgage any part thereof. There seems to be no doubt but that he intended and did set up a trust for the daughter out of the $10,000 and out of the money, bonds, stock, etc., of his estate which should remain in his wife's possession at the time of her death. It should be pointed out, however, that the real estate and the personal property other than that which was specifically mentioned in paragraph III of his will vested in his daughter, subject to his wife's life estate. Such property would not become a part of the trust estate. A reading of this will indicates that there were two ways in which the trustee, Violet D. Young, could transfer to the daughter a part or all of the principal of the trust, that is, by transfer inter vivos or by testamentary disposition. The $10,000 in personal property which constituted a part of the corpus of the trust was transferred to the daughter before Violet D. Young died. The remainder of the trust estate was transferred to the daughter by the will of Violet D. Young when she made a money bequest of $50,000 and left the entire residue of the estate to her daughter absolutely after the payment of legacies referred to. The conclusion is impelling, therefore, that the will of Violet D. Young operated as a mere exercise of the special power of appointment under the will of Edward B. Young, and therefore the remainder of the Edward B. Young estate came into this plaintiff's possession absolutely and free from any trust.

In arriving at the conclusions above indicated, we must commence with the premise that Edward B. Young merely created a life estate in his wife with the remainder over subject to the wife's rights, as indicated in paragraph I of the will. This construction is amply supported by a large group of Minnesota cases which have construed similar provisions in various wills. A few of the most helpful cases are: Semper v. Coates, 93 Minn. 76, 100 N.W. 662: In re Estate of Meldrum, 149 Minn. 342, 183 N.W. 835; Larson v. Mardaus, 172 Minn. 48, 215 N.W. 196; Julian v. Northwestern Trust Co., 192 Minn. 136, 255 N.W. 622; Beliveau v. Beliveau, Minn., 14 N.W. 2d 360.

It is the position of the defendant that, in paragraph I of his will, Edward B. Young left to his wife all of his property except $10,000 absolutely and that the subsequent paragraphs of the will, being in conflict or inconsistent with such intention, must be ignored. Several Minnesota cases, among which are Cowles v. Henry, 61 Minn. 459, 63 N.W. 1028; In re Estate of Wadsworth, 176 Minn. 445, 223 N.W. 783; In re Estate of Hasey, 192 Minn. 582, 257 N.W. 498, are cited in support of this position. But a reading of these cases clearly indicates that they are not controlling herein. The wills which were considered by the court in such cases must be differentiated from the plain and unambiguous language used by the testator in the will now under consideration. One cannot read the entire will herein and give to the language used the ordinary and usual construction without determining that the testator not only intended to leave unto his wife a life estate with the remainder over in trust, but that his intention was manifested by reasonably clear language. If Violet D. Young had not exercised the right to terminate the trust by transfer during her life time and by the exercise of the special power granted to her in the Edward B. Young will, it seems clear that, upon her death, all of the money, bonds, stock, notes, accounts, and securities of the Edward B. Young estate, or the proceeds thereof, remained in the trust created by Young and that such trust would have continued until the death of the plaintiff herein, and at that time the trust estate would have vested in her issue, if any, and if none, then to the persons designated in paragraph V of the will. Violet D. Young, therefore, in providing that all of the remainder of Edward B. Young's estate which was in her possession, except the $3,000 legacies, should go to her daughter, was merely exercising the special power granted to her. As before stated, the real estate and personal property, other than that mentioned in paragraph III of the Edward B. Young will, was never a part of the trust estate. Violet D. Young merely had a life estate therein with the remainder over to her daughter. Such property, therefore, was never a part of the Violet D. Young estate and the transfer to the plaintiff of such property finds its source only in Edward B. Young's will. Under no theory could such property be considered a part of the gross estate of Violet D. Young subject to a Federal estate tax. But it seems just as clear that the remainder of Edward B. Young's estate, or the proceeds thereof, possessed by Violet D. Young at the time of her death and which was to constitute the corpus of the trust estate in absence of the exercise of a special power of appointment, was not subject to any Federal estate tax because the transfer to the plaintiff herein came, not by any general appointment, but solely by a special appointment.

The Internal Revenue Act in force at the time herein provided (26 U.S.C.A. Int.Rev. Code, § 811):

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States— * * *

"(f) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will * * *."

It will be noted that, under this section, the taxes are imposed on the gross estate of the decedent "to the extent of any property passing under a general power of appointment exercised by the decedent (1) by will * * *."

In discussing the difference between a general and a special power, the Supreme Court in Morgan v. Commissioner of Internal Revenue, 309 U.S. 78, 81, 60 S.Ct. 424, 426, 84 L.Ed. 585, made the following distinction: "None of the revenue acts has defined the phrase 'general power of appointment.' The distinction usually made between a general and a special power lies in the circumstance that, under the former, the donee may appoint to anyone, including his own estate or his creditors, thus having as full dominion over the property as if he owned it; whereas, under the latter, the donee may appoint only amongst a restricted or designated class of persons other than himself."

It seems apparent that Violet D. Young had no general power of appointment over the life estate left to her by her husband. True, she could sell or mortgage it as she pleased, but to dispose of it by will, the only person to whom such an estate could be legally devised was her daughter. That she may have assumed to bequeath legacies to others in the sum of $3,000 is immaterial. The views indicated herein are entirely in harmony with the final decree in the Edward B. Young estate.

It will be observed that, in that decree, except for the $10,000 in personal property which was assigned to Violet D. Young in trust, all of the rest and remainder of the estate was assigned to and vested in the said Violet D. Young for the purposes and upon the trusts set out in said will. It must follow, therefore, that the interest of Violet D. Young in and to the property ceased at her death. She had no control over the disposition of the property except under the special appointment referred to. The property remaining in her possession at the time of her death could not be distributed as a part of her estate, and was not. It was not subject to the expenses of administration. The "generating source", to use an expression found in United States v. Jacobs, 306 U.S. 363, 59 S.Ct. 551, 83 L.Ed. 763, of the remainder interest which came to the plaintiff herein was the will of Edward B. Young and not the will of Violet D. Young.

II. The construction of the Edward B. Young will herein indicated is entirely consonant with the judgment of the Ramsey County District Court in the declaratory judgment action brought by the executor of the Violet D. Young estate against the plaintiff and certain residuary legatees mentioned in the Edward B. Young will. That the judgment of that court as to the construction of the Edward B. Young will is conclusive upon this Court seems quite evident. There is no basis in the record for the assertion that the suit was collusive or that the result merely reflected a consent decree. There is no recital in the stipulation of facts herein which so characterizes the suit; in fact, a reading of the briefs filed with the Ramsey County District Court strongly negatives that contention. But even a consent decree by a court of competent jurisdiction, in absence of fraud or collusion, is binding upon this Court. Commissioner of Internal Revenue v. Blair, 7 Cir., 83 F.2d 655.

The executor in the Violet D. Young estate could not proceed without some determination by a court of competent authority as to the rights of the parties under the will of Edward B. Young. Either this plaintiff was the owner absolutely of the personal property and real estate transferred to her by her mother's will, or a valid trust still existed as to the personalty for her benefit, and, upon her death, if she left no issue, then certain of the defendants in the suit mentioned would receive the property.

At the time the suit was instituted, this plaintiff was unmarried, and consequently the construction of the will presented a question of substantial moment to the executor, to this plaintiff, and to certain of the defendants. True, the relatives of Mrs. Young probably had a questionable interest in the trust estate. Edward B. Young having pre-deceased Violet D. Young, he received no property from her by inheritance. In absence, therefore, of being able to establish that Edward B. Young had received other property from his wife during his life time, no property would come to her designated relatives. But, notwithstanding these circumstances, it was the brothers and sisters of Mrs. Young and their issue who put up the real contest in the declaratory judgment suit. The issue of the two Young brothers admitted the allegations of the complaint and consented to any order which the court "may deem right and proper." The named relatives of Mrs. Young, however, vigorously contested the proceeding instituted by the executor and contended that the trust created by Edward B. Young had not been terminated by the Violet D. Young will and that she was without power to do so. Consequently, it seems free from doubt that there was a justiciable controversy between the parties and that the court had jurisdiction. In fact, it was the only court which could determine the controversy. The final decree in the Edward B. Young estate had been entered long ago. The Probate Court had no jurisdiction to construe the will, or to determine whether or not a trust was still in existence under the terms of the will. If there be any question, however, as to the court's jurisdiction, it is set at rest by the Minnesota statutes which pertain to the jurisdiction of the District Court in a declaratory judgment proceeding. They provide:

"Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect; and such declarations shall have the force and effect of a final judgment or decree." Section 9455-1, Mason's Minnesota Statutes Supp. 1940.

"Any person interested under a deed, will, written contract or other writings consti-

tuting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder." Section 9455-2, Mason's Minnesota Statutes Supp. 1940.

For cases construing the statutes, the following are helpful: Reed v. Bjornson, 191 Minn. 254, 253 N.W. 102; County Board of Education v. Borgen, 192 Minn. 512, 257 N.W. 92; Seiz v. Citizens Pure Ice Co., 207 Minn. 277, 290 N.W. 802.

The District Court made detailed findings and conclusions of law in the declaratory judgment proceeding. Its conclusions in part are as follows:

"(b) The will of Edward B. Young and the final decree in his estate created a legal, valid and binding trust as to the property described in Exhibit 'C' hereof.

"(c) Said will of Edward B. Young and the final decree in his estate vested in Violet D. Young a special power of appointment, authorizing her to transfer by will to Mary Blake Young, absolutely and free of trust, all of the property described in said Exhibit 'C', and to thereby terminate said trust.

"(d) The last will and testament of said Violet D. Young dated November 6, 1936 (together with the codicil thereto dated July 11, 1938), operated on Violet D. Young's death, namely, January 14, 1940, as an exercise of such special power of appointment, which then terminated said trust and transferred to and vested in said Mary Blake Young unqualifiedly, absolutely, free of trust and in her own right all of the property described in said Exhibit 'C'.

"(g) Neither plaintiff nor any of the defendants, except Mary Blake Young, has any right, title, estate, lien or interest in or to any of the property described in Conclusion of Law (f) hereof."

The construction of the Edward B. Young will, therefore, has been determined by a court of competent jurisdiction, and there being no fraud or collusion and the law having been settled, it must control this Court in determining the same question. There is no Federal question involved. The controversy herein must turn entirely on the construction to be accorded to the Edward B. Young will. The State Court having spoken on that issue, this Court has no alternative but to adopt the law which has been thus settled. Blair v. Commissioner of Internal Revenue, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465; Sharp v. Commissioner of Internal Revenue, 303 U.S. 624, 58 S.Ct. 748, 82 L.Ed. 1087. The Commissioner has assumed to assess an estate tax on property which never became a part of the Violet D. Young estate. Her only connection with the transfer to the plaintiff was the fulfillment of a special power appointment.

It follows, therefore, that the Commissioner erred in assessing the tax and that the plaintiff should prevail herein as prayed in her complaint. Findings of fact and conclusions of law are filed herewith. An exception is allowed to the defendant.