Estate of Hamilton H. Peyton, deceased, John L. Peyton, executor, and Olive Peyton, executrix v. Commissioner.
Estate of Peyton v. Commissioner
Docket No. 85293.
United States Tax Court
T.C. Memo 1962-205; 1962 Tax Ct. Memo LEXIS 102; 21 T.C.M. (CCH) 1111; T.C.M. (RIA) 62205; August 28, 1962
Royal G. Bouschor, Esq., 917 Torrey Bldg., Duluth, Minn., and Patrick J. McNulty, Esq., for the petitioner. *103 Donald W. Geerhart, Esq., and Willard J. Kiser, Jr., Esq., for the respondent. SCOTT
Memorandum Opinion SCOTT, Judge: Respondent determined a deficiency of $31,492.27 in the estate tax of the Estate of Hamilton H. Peyton. The issues for decision are: 1. Whether the residuary bequest to Olive Peyton, the surviving wife of Hamilton H. Peyton, qualifies for the marital deduction under the provisions of section 2056 of the Internal Revenue Code of 1954. 2. Whether respondent erred in increasing the value, as reported in the estate tax return of the estate of Hamilton H. Peyton, of certain United States Treasury bonds. The evidence in this case was presented through a stipulation of facts with exhibits attached thereto and one document offered at the trial by respondent and received in evidence without objection by petitioner. The stipulated facts are found accordingly. On June 15, 1957, Hamilton H. Peyton (hereinafter referred to as decedent) died testate as the result of an automobile accident. At the date of his death decedent was domiciled in and a resident of Duluth, Minnesota. Decedent's estate consisted of real and personal property, *104 all of which was located in the State of Minnesota. The estate tax return was filed on September 15, 1958, with the district director of internal revenue at St. Paul, Minnesota. On June 24, 1957, a petition to probate decedent's will was filed by Olive Peyton, decedent's surviving spouse, in the Probate Court of St. Louis County, Minnesota (hereinafter referred to as the Probate Court), stating that she and John L. Peyton were named in the will as executrix and executor and requesting that they be so appointed. In this petition Olive Peyton's age was shown as 79 years. Decedent's will was admitted to probate by the Probate Court on July 22, 1957, and Olive Peyton and John L. Peyton, one of the decedent's sons, were appointed executrix and executor, respectively, of decedent's estate. In addition to his widow, Olive Peyton, and his son, John L. Peyton, decedent was survived by two other sons, Newton H. Peyton and Louis R. Peyton. Decedent's will, after making provision for payment of his debts and certain payments and bequests to Olive Peyton provided as follows: 4th: I give, devise and bequeath all the rest of my property - real, personal, or mixed - now owned or which may hereafter *105 be acquired by me, or in which I may now have or may hereafter acquire any interest, to my beloved wife, Olive Peyton, for and during her natural life. 5th: I hereby authorize my said wife, Olive Peyton, at any time during her life, to sell, assign, transfer, mortgage and convey and and all of said property - real, personal or mixed - upon such terms and to such persons as in her judgment may seem best, and to execute proper deeds, contracts, bills of sale, mortgages, or other written instruments and to invest and reinvest the proceeds thereof using the income derived therefrom during her lifetime; and in the event it should be necessary in her judgment for the comfortable maintenance of my said wife and children, my said wife is hereby authorized from time to time to use portions of the principal monies or such property for such purposes; and I hereby request tht my said wife shall consult with my son, John Peyton, one of the executors of this, my last Will and Testament, hereinafter named, before making any investments or changes in investments. 6th: I hereby give, devise and bequeath all the rest, residue, and remainder of my property which is remaining after my wife's death *106 to my three sons: JOHN L. PEYTON, NEWTON H. PEYTON, and LOUIS R. PEYTON, each an undivided one-third (1/3) thereof, share and share alike. On June 16, 1958, the attorney for decedent's estate wrote a letter to respondent in which he requested a ruling in regard to the interpretation of decedent's will for the purpose of determining the estate's right of marital deduction under its terms. This letter states in part: In accordance with the laws of the State of Minnesota, and after consultation with our Judge of Probate Court, all of the property under this Last Will will be decreed to Olive Peyton, surviving spouse, in fee simple. As you will note, paragraph 4 gives this property to the decedent's wife for and during her natural life. This is followed by paragraph 5 which, in my opinion, complies with the 1954 Code, Section 2056, and allows Mrs. Peyton to have marital deduction for purposes of inheritance tax. On June 27, 1958, Olive Peyton filed in the Probate Court a petition for authority to make election, requesting an extension of time for the purpose of renouncing the will, in which she stated: 2. That under the terms of said will, your petitioner was given all of the *107 property of the decedent for and during her natural life, and that the remainder was given to the three sons of the deceased, namely; John L. Peyton, Newton H. Peyton and Lewis R. Peyton, each an undivided one-third thereof, share and share alike. 3. That on the 7th day of August, 1957, Letters Testamentary were issued to Olive Peyton and John L. Peyton. 4. That at the present time your petitioner does not know what interpretation the Court will place on the terms expressed in said Will, or how the Court will decree the property. On July 1, 1958, the Probate Court entered an order setting Olive Peyton's petition for hearing on July 21, 1958. On July 3, 1958, notice of the setting of Olive Peyton's petition for hearing was served upon decedent's three sons and the State Commissioner of Taxation. On July 3, 1958, respondent replied to the letter dated June 16, 1958, from the attorney for decedent's estate and ruled that the residuary bequest in decedent's will did not qualify for the marital deduction provided in section 2056 of the Internal Revenue Code of 1954 since the interest passing therein was regarded by respondent as terminable. On July 21, 1958, Olive *108 Peyton filed a petition for interpretation of provisions of will in the Probate Court, requesting the court to give a ruling as to how property will be decreed in accordance with the decedent's will, in which she stated: That the Last Will and Testament heretofore referred to is filed in the above-named Court and is made a part of this petition. That under the terms of said Will, your petitioner does not know how the Court will decree said property. That in order for your petitioner to file a Federal Estate Tax return and take the proper marital deductions, it is necessary that an intepretation of said Will be given by the Court. On July 21, 1958, the Probate Court entered an order setting a hearing on this petition for interpretation of provisions of will for August 4, 1958, which order provided that a copy thereof be mailed to the heirs-at-law, devisees, and legatees under the will of decedent and to the Commissioner of Taxation at least 10 days prior to the date set for the hearing. A hearing was held on August 4, 1958, in the Probate Court at which Olive Peyton was the only witness. Her testimony consisted of stating her name, the fact that she was decedent's wife, that *109 decedent left a will in which he left her a life estate and the remainder to their three sons, that she had not as yet filed a Federal estate tax return, did not know how to take the marital deduction, and wanted an interpretation as to how the property was going to be decreed. At the hearing the court asked the attorney appearing for Olive Peyton, who was the same attorney who had requested a ruling from respondent as attorney for decedent's estate, to file a memorandum as to how he believed the will should be interpreted under Minnesota law, and stated that after receiving this memorandum the court would issue an order as to the interpretation. Such a memorandum was filed, setting forth the savings in estate tax which would result if the will were interpreted as vesting the residual estate in Olive Peyton in fee simple, and submitting that under Minnesota statutes and cases therein cited, the will should be interpreted so as to vest the residual estate absolutely in Olive Peyton. After the filing of this memorandum, the Probate Court, on September 10, 1958, entered an order which stated in part: IT IS ORDERED that the Last Will and Testament of the above named decedent created *110 no trust but gave to the surviving spouse, Olive Peyton, absolute power of appointment or encroachment of the whole thereof to herself; and that all of the residual estate be decreed to said Olive Peyton, surviving spouse, in fee simple absolute. At no time during the proceedings with respect to the petition of Olive Peyton for the interpretation of decedent's will were any arguments advanced before the Probate Court in opposition to her position with respect to the interpretation of decedent's will and no formal appearance by any representative in behalf of decedent's three sons was noted on the Probate Court's docket records. The Probate Court's inheritance tax record and order determining tax was entered on October 29, 1958, showing Olive Peyton as the only legatee, devisee, or heir-at-law receiving a distribution from decedent's estate. On January 8, 1959, the final decree of distribution of decedent's estate was entered. This decree provided in part as follows: The representatives of said estate appeared by John L. Peyton and by their attorneys, Messrs. Bouschor & McNulty, and no one appeared in opposition thereto. Upon said hearing and due consideration of said petition *111 and final account and the evidence produced at said hearing, the arguments of counsel and all persons interested therein, and the files and records in said matter, the Court finds the following facts: FIRST - That notice of said hearing has been duly given and served as required by law and the order of this Court for said hearing made and filed on the 6th day of October, 1958, and that said order has been published as required by law in PROCTOR JOURNAL. * * *
FIFTH - That there is on file herein an Order of this Court dated September 10, 1958, construing the terms of the will of said decedent. SIXTH - That the following named person is entitled to the residue of the estate of said decedent: OLIVE PEYTON, surviving spouse. SEVENTH - That the transfer of the above described property is subject to an inheritance tax under the laws of the State of Minnesota, and the same has been determined and paid. NOW, THEREFORE, On Motion of Messrs. Bouschor & McNulty, attorneys for the representative of said estate, and by virtue of the power and authority vested in this Court by law, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, and the said Court does hereby ORDER, ADJUDGE AND DECREE, *112 that all and singular the above described property, together with all other estate of said decedent in the State of Minnesota, be, and the same hereby is assigned to and vested in the above named person in the following proportions and estates, to-wit: To OLIVE PEYTON the above described real and personal property of said decedent, IN FEE SIMPLE, ABSOLUTE. TO HAVE AND TO HOLD THE SAME, together with all the hereditaments and appurtenances thereunto belonging or in any wise appertaining, to the said above named person, her heirs and assigns; without prejudice, however, to any lawful conveyance of said property or any part thereof by said person heretofore made. One of the attorneys who appeared at this hearing on behalf of the representatives of the estate was the same attorney who requested the ruling from respondent and represented Olive Peyton at the hearing on her petition for interpretation of decedent's will. Neither the issuance of the Probate Court's inheritance tax record and order determining tax dated October 29, 1958, nor its entry of its final decree of distribution on January 8, 1959, was opposed or contested in any way. In the estate tax return filed for decedent's *113 estate a marital deduction of $124,897.96 was claimed. Respondent in his notice of deficiency disallowed the claimed marital deduction to the extent of $105,315.18 with the following explanation: It is determined that the marital deduction is allowable in the amount of $19,582.78, which constitutes life insurance paid to spouse of $15,893.72, jointly owned property with spouse of $1,200.00, bequest of automobile to spouse valued at $1,500.00, and statutory selection by spouse of $989.06. The sum of $105,315.18 is disallowed for the marital deduction, as the property interest received by the spouse under the decedent's will constitutes a terminable interest which does not qualify for the marital deduction under section 2056(b) of the Internal Revenue Code of 1954. In the estate tax return six United States Treasury bonds were valued at a total amount of $8,786.20. In his notice of deficiency respondent determined the total value of these bonds to be $10,000 with the explanation, for each bond, that "It is determined that the fair market value as of the date of the decedent's death of this United States Treasury Bond is its par value." Certain issues raised *114 in the petition have been disposed of by agreement of the parties. Opinion The major issue in this case is the amount of marital deduction to which decedent's estate is entitled under the provisions of section 2056 of the Internal Revenue Code of 1954. [1] The marital deduction under this section is applicable with limitations therein contained to the value of any interest in property which passes or has passed from the decedent to his surviving spouse to the extent that such interest is included in determining the value of the gross estate. *115 The parties are in agreement that the determination of the nature of the interest in property which passes from a decedent to his surviving spouse is governed by local law and that in the instant case, Minnesota law is controlling as to the legal interest in decedent's residual estate that passed to his widow under his will. Morgan v. Commissioner, 309 U.S. 78 (1940), and Blair v. Commissioner, 300 U.S. 5 (1937). The parties are in disagreement as to the controlling Minnesota law in the instant case. Petitioner takes the position that the applicable Minnesota law herein is the determination of the Probate Court construing decedent's will as passing to his widow all of his residual estate in fee simple absolute. Respondent contends that the determination of the Probate Court with respect to the interest which passed by decedent's will to his surviving spouse is not binding on this Court in the instant case since the decree was entered in a proceeding which was collusive in the sense that it was nonadversary and not rendered upon a question fairly presented for independent decision by the Probate Court. Both parties cite numerous cases in support of their *116 respective positions and each points to distinguishing facts in the cases cited by the other party. One of the cases upon which respondent relies, Estate of Howard E. Stevens, 36 T.C. 184, 193 (1961), involved a determination of a Probate Court in Minnesota. The many cases cited by the parties appear not to be in complete harmony precisely as to the factual circumstances required to prevent the determination of property interests by a State Court from being binding upon a Federal Court in applying a Federal taxing statute which imposes a tax based upon the nature of such property interest. However, as stated in a case strongly relied upon by petitioner, Gallagher v. Smith, 223 F. 2d 218, 225 (C.A. 3, 1955) * * * It is clear, as suggested by the Supreme Court in the Freuler and Blair cases, that a state judgment obtained by collusion to defeat a federal tax need not be given conclusive effect in a suit in a federal court involving that tax. And the nonadversary character of a state suit is undoubtedly relevant as evidence of such collusion. * * * Cf. Freuler v. Helvering, 291 U.S. 35 (1934); Eisenmenger v. Commissioner, 145 F. 2d 103 *117 (C.A. 8, 1944); and Lindley v. United States, an unreported case ( DC Minn., Aug. 2, 1957, 52 A.F.T.R. 1552, 57-2U.S.T.C. par. 9893), cases also strongly relied upon by petitioner. The facts in the instant case show that the decision of the Probate Court was collusive in the sense that it was obtained in a nonadversary proceeding, without a fair presentation of the question at issue and for the purpose of establishing the right of decedent's estate to a marital deduction for estate tax purposes, thus reducing the amount of estate tax for the benefit of all the parties whose property interests would have been adverse except for family relationship. The evidence shows that the attorney representing the estate requested a ruling from the respondent as to the right of the estate to the marital deduction. Shortly after receipt of an adverse ruling from respondent, Olive Peyton's petition for interpretation of provisions of will was filed in the Probate Court, and it recited that the interpretation requested was necessary for the determination of the proper marital deduction for estate tax purposes. At the hearing on that petition, Olive Peyton was represented by the same *118 attorney who represented the estate and no one appeared in opposition to the petition. Again, in Olive Peyton's testimony at the hearing before the Probate Court, the need for an interpretation of the will for the purpose of determining the marital deduction for estate tax purposes was stated. The attorney representing Olive Peyton in her petition, who was as heretofore stated the same attorney who represented the estate, in his memorandum filed in the Probate Court pointed out the estate tax benefits resulting from an interpretation of decedent's will as passing a fee simple interest in the residual estate to Olive Peyton, and submitted that under Minnesota statutes and case law cited in that memorandum such a decree should be entered by the Probate Court. Certainly, we cannot assume that the attorney who represented the estate, and thus all the heirs, would have urged an interpretation of decedent's will to vest the residual estate in fee simple in the widow as opposed to vesting a remainder interest therein in decedent's three sons if he had not believed that the interests of all heirs would be served by this action and had not obtained the consent of decedent's three sons to *119 proceed in this manner. No witness was called by petitioner at the trial in the instant case and no evidence was offered to counteract the clear inference of the agreed facts and exhibits that the urging, in the memorandum filed at the request of the Probate Court at the hearing on Olive Peyton's petition to interpret the provisions of will, that a decree interpreting the will as vesting the residual estate in Olive Peyton in fee simple be entered, was upon agreement of all the heirs and for the purpose of reducing the estate tax otherwise due. That the memorandum did not fairly present the Minnesota law with respect to life estates with power of disposition as distinguished from estates in fee simple, but rather presented an advocate's argument in favor of the interpretation requested in that memorandum, will appear from our discussion of Minnesota law. Since we do not consider the determination of the Probate Court as binding for purposes of ascertaining estate tax liability, it is necessary that we determine the nature of the interest that passed under decedent's will to his widow in accordance with the law of Minnesota. Respondent contends that under Minnesota law the bequest *120 by decedent to his surviving spouse was a terminable interest in property and, therefore, is in one of the categories of nondeductible interests under section 2056(b)(1) of the Internal Revenue Code of 1954. Respondent further contends that the bequest does not come within the provisions of section 2056(b)(5) providing that a life estate with power of appointment as to the entire interest or a specific portion thereof, exercisable by the spouse alone and in all events, shall be considered as passing to the surviving spouse since under Minnesota law the power over the residual estate granted to decedent's widow was not unlimited. Petitioner does not attempt to meet respondent's argument as to Minnesota law except to state that in the instant case this argument is irrelevant since the determination of the Probate Court is the law of Minnesota insofar as here pertinent. The Minnesota law is clear that a grant or devise with power of disposition with remainder over creates, so far as the life tenant and remaindermen are concerned, a conventional life estate coupled with power of disposition with remainder over and not a fee simple. James v. Reynolds, 57 F. Supp. 609, 611 *121 (D. Minn., 1944); In re Bradley's Estate, 241 Minn. 394, 63 N.W. 2d 374 (1954); Rise v. Park, 222 Minn. 444, 24 N.W. 2d 831 (1946); and Beliveau v. Beliveau 217 Minn. 235, 14 N.W. 2d 360 (1944). [2] The court in In re Bradley's Estate, supra, referred to the provisions of a will bequeathing a residual estate to the devisee's sister "for the term of her natural life with full power to use and dispose of the same as she may see fit" with remainder to another, as bestowing upon the devisee "all the benefits of absolute ownership with one exception - the power to control the devolution of the unconsumed portion of the property upon her death." This exception to absolute ownership is an important one in determining whether a bequest meets the requirements of the statutes providing for the marital deduction for Federal estate tax purposes. With such a limitation, the devisee has not been granted a power to appoint the unconsumed portion of the property so devised as a part of his own estate. This Court has recognized in a number of cases that a life estate with a power of disposal during lifetime, does not constitute the power to appoint *122 "in all events" and, therefore, does not qualify for the marital deduction. Estate of Harriet C. Evilsizor, 27 T.C. 710 (1957); Estate of E. W. Noble, 31 T.C. 888 (1959); Estate of Elwood Comer, 31 T.C. 1193 (1959); Estate of Ralph G. May, 32 T.C. 386 (1959), affd. 283 F. 2d 853 (C.A. 2, 1960); and Estate of Thomas J. Semmes, 32 T.C. 1218 (1959) affd. 288 F. 2d 664 (C.A. 6, 1961). We therefore sustain respondent in his disallowance of the marital deduction with respect to decedent's residuary estate. Petitioner states with respect to the increase in value of the United States Treasury bonds that petitioner valued these bonds at their fair market value at the date of decedent's death while respondent valued them at par because they were used at par in payment of the estate tax liability shown on the estate tax return. The record is totally *123 devoid of evidence to support petitioner's statement that the bonds as valued on the estate tax return were at their fair market value. Because of the failure on the part of petitioner to show the fair market value of the Government bonds in decedent's estate, it is unnecessary for us to decide the contention of petitioner that these bonds were improperly valued at par by respondent because of having been used in payment of estate tax. We sustain respondent's valuation of the Government bonds in decedent's estate. An issue raised by the pleadings has been conceded by respondent, and to give effect to this concession Decision will be entered under Rule 50. Footnotes
1. SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE. (a) Allowance of Marital Deduction. - For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate. (b) Limitation in the Case of Life Estate or Other Terminable Interest. - (1) General rule. - Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest - (A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or moneys worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and (B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse; and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under subparagraphs (A) and (B)) - * * *
(5) Life estate with power of appointment in surviving spouse. - In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse - (A) the interest or such portion thereof so passing shall, for purposes of subsection (a), be considered as passing to the surviving spouse, and (B) no part of the interest so passing shall, for purposes of paragraph (1)(A), be considered as passing to any person other than the surviving spouse. This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.↩
2. Questions of the estate vested by transfer by life tenant to mortgagees and bona fide purchasers for value and the rights of creditors of life tenant which are also discussed in some of these cases are not pertinent to the question here in issue.↩